MID-OHIO LIQUID FERTILIZERS, INC., APPELLANT, *v.* LOWE, EXR., ET AL., APPELLEES.

(No. CA83-09-020—Decided February 27, 1984.)

*Mr. Robert E. Giffin, Mr. C. William Dawson* and *Mr. James Butler,* for appellant.

*Mr. Omar A. Schwart,* for appellees Lowe.

*Messrs. Buckley & Miller* and *Mr. Jeffrey L. Wright,* for appellees Lowe and State Auto. Mut. Ins. Co.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Fayette County, Ohio.

This case presents a purely procedural question stemming from an action first appealed to this court in 1980 and addressed in a decision rendered on October 28, 1981. The relevant procedural history is as follows: Appellant, Mid-Ohio Liquid Fertilizers, Inc., filed the instant suit on April 21, 1980, in the Probate Division of the Fayette County Court of Common Pleas. Appellees, Wanda A. Lowe, Lowe's Welding and State Automobile Mutual Insurance Co., filed a motion to dismiss the action, asserting that the probate division did not have jurisdiction over appellant's cause of action. The motion was granted, and an appeal filed with this court. In our October 28, 1981 decision, we held that the probate division improperly dismissed the case and that the case should have instead been transferred to the General Division of the Fayette County Court of Common Pleas per Civ. R. 73(B). We accordingly reversed and remanded the cause.

After our October 28, 1981 order, this relatively normal procedural scenario takes a turn in the direction of absurdity: the file was never transferred from the probate division to the general division until approximately January 3, 1983. Appellant's counsel relates that he personally inquired during the month of July 1982, as to whether the case had been transferred, and was informed by the general division clerk's office that it had not. During December 1982, appellant reached a settlement with one of the defendants in the case, and an appropriate dismissal entry was sent to the general division clerk's office. Appellant's counsel was subsequently informed by the general division clerk that the entry could not be filed because the cause had not yet been transferred from the probate division. It appears that the probate division judge was of the opinion that our October 28, 1981 release did not mandate that he transfer the case to the general division. Appellant's counsel finally made a trip to the probate division brandishing a copy of this court's decision, and the probate division at last agreed to the transfer. On January 3, 1983, the clerk of courts, general division, advised appellant's counsel that the transfer had been made.

On January 18, 1983, appellees filed with the general division a motion to dismiss for failure to prosecute per Civ. R. 41(B)(1) and Fayette County Local Rule 10. Fayette County Rule 10 reads, in pertinent part, as follows:

"*Section 2.* All other civil cases, in which no request for trial assignment in writing has been received within six (6) months from the rule date when the cause was or should have been at issue under the state of the pleadings, will be dismissed with prejudice for want of prosecution after notice has been given the plaintiff."

The motion was granted in an entry dated October 25, 1983, and appellant, despite the consequences of our previous ruling, has timely filed the instant appeal presenting the following single assignment of error:

"The lower court erred in dismissing plaintiffs-appellants' action for failure to prosecute where the delay was caused by the failure of the lower court to follow the court of appeals mandate."

The dispositive language of our reply to the assignment of error posed by appellant in its first appeal to this court reads as follows:

"The assignment of error is sustained and *the case is hereby ordered transferred to the General Division* of the Court of Common Pleas of Fayette County.

"*The judgment or final order herein appealed from is reversed and the case remanded* for further proceedings ac-

cording to law and not inconsistent with this Decision." (Emphasis added.)

The words "the case is hereby ordered transferred" admittedly raise some ambiguity as to whether this court was ordering the transfer or whether the probate division was to subsequently transfer the case. However, any possible ambiguity is resolved by the language set forth in what is the final paragraph of the decision: "The judgment or final order herein appealed from is reversed and the case remanded * * *."

There is a paucity of authority dealing with the scope and import of the legal term "remand," possibly because the word is used with such unrelenting and undisputed regularity that its definition has rarely been litigated. Under these circumstances, we must of necessity rely on secondary authority, such as dictionary definitions. Webster's Third New International Dictionary (1976) defines "remand" as follows: "1. to cause to go back to a place (as by an authoritative command): order back * * * 2. to return (a case) from one court to another esp. lower court or from a court to an administrative agency * * *." Black's Law Dictionary (5 Ed. 1979) provides similar information in a slightly more "legal" context: "To send back. The sending by the appellate court of the cause back to the same court out of which it came, for the purpose of hearing some further action taken on it there."

To remand is to *send back*. Further, the term implies that what is being sent back is returned *from where it came*. "Remand" is subject to no other construction. Applied to the facts of the case *sub judice*, this means that the instant cause was sent back to the Probate Division of the Fayette County Court of Common Pleas. The probate division, by the terms of our October 28, 1981 decision, was therein ordered to transfer the case to the General Division of the Fayette County Court of Common Pleas.

We suppose it is possible that the probate division could have interpreted the language of our October 28, 1981 decision to mean that the cause was "remanded" to the general division because the probate division and the general division are both subdivisions of the same lower court. However, this is no reason to place responsibility for the transfer on appellant. The order to transfer was directed to the court below, not to either party. Further, we can find no legal authority holding a party responsible for execution of an order on remand from an appellate court. Therefore, if the probate division misinterpreted our order of October 28, 1981, it was not appellant's duty to perfect the transfer.

The general division, in its entry dated October 25, 1983, granted appellees' motion to dismiss for failure to prosecute just fifteen days after appellant received notice that the case had been transferred in accordance with the order of this court. A dismissal for failure to prosecute may not be reversed on appeal absent a showing of abuse of discretion. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89. As it was not appellant's duty to oversee the ordered transfer, appellant should not be penalized for the delay, and we feel the trial court clearly abused its discretion by doing so.

The assignment of error is, accordingly, well-taken, and hereby sustained.

It is the order of this court that the judgment herein appealed from be, and the same hereby is, reversed and this cause is remanded to the General Division of the Fayette County Court of Common Pleas for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.