**KORODI, Appellant,**

**v.**

**MINOT et al., Appellees.**

[Cite as *Korodi v. Minot* (1993), 89 Ohio App.3d 90.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–444.

Decided Aug. 10, 1993.

*Bradley, Topper & Farris, Philip R. Bradley* and *James A. Carr,* for appellant.

*Vorys, Sater, Seymour & Pease, Philip A. Brown* and *William D. Kloss, Jr.,* for appellees.

WHITESIDE, Judge.

Plaintiff, Miklos Korodi, appeals from the judgment of the Franklin County Court of Common Pleas and raises a single assignment of error, as follows:

"The trial court's dismissal with prejudice of appellant's case constituted an abuse of discretion which is reversible error."

This appeal has a somewhat tortured history and has previously been before this court on several occasions, the most recent past occasion being in *Korodi v. Minot* (Aug. 23, 1988), Franklin App. No. 88AP–24, unreported, 1988 WL 88828. In that case, this court dismissed the appeal because of lack of a final appealable order, since the trial court had merely bifurcated the case for trial upon the issues of liability and damages pursuant to Civ.R. 42(B). An earlier dismissal of the case by the trial court had been reversed by this court, with the cause

remanded for proceedings on the merits in *Korodi v. Minot* (1987), 40 Ohio App.3d 1, 531 N.E.2d 318.

The mandate of this court following dismissal of the 1988 appeal was filed in the trial court on August 30, 1988. Thereafter, there is no reference in the record to any action by the court or by any party until February 7, 1989, when there is a notice of substitution of counsel for defendants. The next action noted on the appearance docket is a notice of status conference set for September 15, 1992, filed on August 20, 1992. Some two weeks later, on September 4, 1992, defendants filed a motion to dismiss for failure to prosecute, and on September 10, 1992, plaintiff filed a memorandum contra.

By order of September 21, 1992, the case was scheduled for trial, and notices to counsel were given on September 23, 1992. On September 24, 1992, defendants sought a continuance of the trial date. By response filed October 7, 1992, plaintiff joined in the motion for a continuance but requested that the case be set for trial during the first quarter of 1993. On November 4, 1992, notice was sent to counsel that the trial date had been continued to April 19, 1993. Several months later, on January 26, 1993, the trial court rendered a decision granting defendants' motion to dismiss. Before this decision was journalized by entry, plaintiff, on February 2, 1993, filed a motion for reconsideration, which was denied by the trial court by a decision rendered March 1, 1993, and the dismissal was journalized by entry entered March 15, 1993.

In its January 26, 1993 decision,[1] the trial court, relying upon Civ.R. 41(B)(1) which authorizes dismissal where a plaintiff has failed to prosecute an action, stated in part:

"It is true that no affirmative action was taken by the assignment commissioner or the predecessor of the trial court to set this matter for trial. However, when reviewing a motion to dismiss for want of prosecution, it is the diligence of the plaintiff, not the court's assignment commissioner which is examined. * * * It was up to plaintiff to bring to the attention of the court the need to pursue plaintiff's litigation. Any other rule would permit a plaintiff to sit back for decades and avoid responsibility for prompt prosecution of litigation."

Such statement overlooks the trial court's affirmative mandatory duty to control litigation, with the primary duty being upon the court to establish a trial date once the case is ready for trial. Such duty is recognized both in the local rules of the trial court and in the Rules of Superintendence, C.P.Sup.R. 6(A) providing in pertinent part:

---

1. The decision is dated January 25, but was not filed until January 26, 1993.

"Each judge of a court of common pleas shall review, or cause to be reviewed, all cases assigned to the judge. Cases which have been on the docket for six months without any proceedings taken therein, *except cases awaiting trial assignment,* shall be dismissed, after notice to counsel of record, for want of prosecution, unless good cause be shown to the contrary." (Emphasis added.)

This rule contemplates that the burden is upon the plaintiff to prosecute his case and do all things necessary to make it ready for trial assignment. However, after it is ready for trial assignment, it is the duty of the court, not the parties, to set the case for trial. In considering this issue, the trial court, in its March 1, 1993 decision, stated in part:

"Moreover, merely because the former trial judge did not order the case set for trial upon remand from the appellate court does not absolve plaintiff or cure the extended delay. A plaintiff bears the ultimate responsibility for his lawsuit. Pursuant to Local Rule 41.01, any party can move the court for a status conference. There is no indication that plaintiff filed any motion, request or other pleading to bring the matter to the attention of the former trial judge. A simple motion for a trial assignment or for a status conference would have brought this case to the attention of the former trial judge. Instead, plaintiff allowed the case to languish from August, 1988, to August, 1992."

However, even to the extent there is merit to the trial court's statement, the converse is also true. The failure of the parties to call to the court's attention its neglect in failing to set a case for trial which is ready for trial does not excuse the court's neglect of its responsibility. Loc.R. 41.01 referred to by the trial court is part of the case-management system adopted effective January 1, 1991, mandated by C.P.Sup.R. 9(B). The local rule does provide in part that "[a]ny party may move, in writing, for a status conference." However, the rule is structured, as indicated by Loc.R. 39, to take effect when a case is first filed, which automatically triggers the creation of a case schedule. Loc.R. 37.04 is applicable with respect to this case and provides that:

"In civil cases filed prior to July 1, 1991, which are not covered by the Case Schedule and are not currently assigned a time track, the Assignment Commissioner shall assign the case for trial with the concurrence of the Trial Judge. * * * *"

Thus, by the court's own rule, the primary duty to see that this case was set for trial was upon the assignment commissioner, not the plaintiff. Under the former rules, it would have been inappropriate for plaintiff to have filed a motion for a status conference since former Loc.R. 31.01 provided that:

*"At any time prior to the date* on which *the case is* deemed *ready for assignment* under Rule 33.02, any party or the judge to whom the case is assigned may request a status conference.  * * *" (Emphasis added.)

Former Loc.R. 33 also placed upon the assignment commissioner the duty to set for trial the cases which were ready for trial.[2]  Furthermore, in *Mid–Ohio Liquid Fertilizers, Inc. v. Lowe* (1984), 14 Ohio App.3d 36, 38, 14 OBR 40, 42, 469 N.E.2d 1019, 1022, it is appropriately stated.

" * * * Further, we can find no legal authority holding a party responsible for execution of an order on remand from an appellate court.  * * *

" * * * As it was not appellant's duty to oversee the ordered transfer, appellant should not be penalized for the delay, and we feel the trial court clearly abused its discretion by doing so."

The trial court erred in finding the primary duty to cause the case to be set for trial to be upon plaintiff.  Under the rules, the primary duty is upon the plaintiff to prosecute the case and see that all things are accomplished to make the case ready for trial assignment in a timely fashion.  However, once the case is ready for trial assignment under the local rules of the trial court and under the Rules of Superintendence, the primary responsibility is upon the trial court itself to see that the case is scheduled for trial.  By local rules, the trial court has placed the burden of keeping track of cases and scheduling for trial those cases which are ready for trial upon its assignment commissioner.

Here, the trial court in its March 1, 1993 decision does note that plaintiff took some action February 19, 1992 in an effort to have the case scheduled for trial. However, the record reflects that, even with that effort, it was not until six months later in August 1992 that a status conference finally was scheduled for September 15, 1992.  There is no explanation in the record as to why the trial court waited six months after plaintiff's inquiry to schedule a status conference, except some suggestion that the case file was lost, which should have been no problem since, as the trial court noted in its decision, all documents filed with the clerk of courts are promptly recorded on microfiche.  Unfortunately, the record is unclear as to whether plaintiff inquired of the assignment commissioner, upon whom the court by local rule has placed the burden of monitoring cases filed prior to January 1, 1991 and scheduling them for trial.  For these reasons, the trial court abused its discretion in dismissing this case with prejudice, placing the entire burden upon plaintiff of causing the case to be scheduled for trial.

---

2.  Of course, a trial judge could assume that function of the assignment commissioner, but if the judge did so, it would become the judge's responsibility to keep track of the cases and see that they are set for trial.

██ Notwithstanding the primary responsibility being upon the court to schedule for trial cases which are ready for trial assignment, which it has delegated to its assignment commissioner, this does not relieve plaintiff of his responsibility with respect to trial assignment where there is a long delay on the part of the assignment commissioner in causing the case to be scheduled for trial. Three and one-half years is much too long a time for a plaintiff to sit back and make no inquiry of the assignment commissioner as to why the case has not been scheduled for trial. There is no indication in the record as to why the case was not scheduled for trial, even though there is some indication the case file may have been lost, and the record on appeal containing copies of the original papers was obviously reproduced from microfiche. This, however, does not explain why the assignment commissioner did not schedule the case for trial since the assignment commissioner is not the custodian of the court files but, instead, uses other records to monitor and track the cases, which may include a computerized appearance docket. The evidence here is unclear as to the system used by the assignment commissioner, but most certainly it is not through maintenance of the files, which are required to be maintained by the clerk of courts.

Nevertheless, an inquiry of an assignment commissioner as to the status of the trial schedule should not be a particular problem for counsel, even assuming that counsel for various reasons might be quite reluctant to make direct approach to a trial judge.

██ In other words, even though the primary responsibility for scheduling this case for trial was upon the court, plaintiff must bear some burden of inquiry where there is an undue prolonged delay in the scheduling of a case for trial. Thus, some sanctions can be justified but not the harsh sanction of dismissal with prejudice where the primary neglect was that of the court itself. Since the trial court found dismissal rather than immediate trial appropriate, we find no abuse of discretion to that extent, so long as the dismissal is without prejudice. Accordingly, the assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is modified to a dismissal of the case without prejudice, and this cause is remanded to the trial court for implementation and execution of the modified judgment.

*Judgment modified*
*and cause remanded.*

TYACK, J., concurs.

CLOSE, J., dissents.

CLOSE, Judge, dissenting.

As I cannot concur in the judgment of the majority, I must dissent.

Sometime shortly after August 23, 1988, the parties received notice that the last appeal in this matter was dismissed for lack of a final appealable order. The next indication in the court file that anything was done (other than the substitution of counsel on February 7, 1989) was the filing on August 20, 1992 of a notice of status conference. This was three days shy of four years later. This case languished through forty-seven monthly reports and two physical "hands on" audits. It is obvious that, for whatever the reason, the trial court was unaware that it was pending and by virtue of that was unable to schedule it for trial.

The trial court, once the motion to dismiss was filed, gave plaintiff adequate opportunity to show cause why the matter should not be dismissed. After determining that there was no good cause and, in light of the reality that the case had been pending for in excess of eight years, the trial court made a determination, in its discretion, that it would be appropriate to dismiss with prejudice for failure to prosecute.

The issue before us is not whether this is a decision that most judges would make or that we individually as judges would make. The issue is whether the decision to dismiss was arbitrary, capricious and unreasonable and constituted an abuse of discretion. I think not.

While I cannot disagree with the majority that, as a trial judge, a dismissal without prejudice would have been appropriate, I am required to defer to the trial court and, absent a finding of abuse of discretion, affirm that decision.