DECISION AND JOURNAL ENTRY
{¶ 1} Appellant/Plaintiff, Vincent Niepsuj, appeals the judgment of the Summit County Court of Common Pleas that dismissed his complaint against Appellee/Defendant, YWCA of Summit County. We affirm.
 I. {¶ 2} Appellant filed a complaint against his former wife Barbara Niepsuj and YWCA Tallmadge Branch on September 6, 2002, alleging negligent misrepresentation and defamation. Upon notice from Appellee that YWCA Tallmadge Branch was the improper party, Appellant amended his complaint to name YWCA of Summit County as a defendant. Appellant's amended complaint contained five causes of action, including three claims of negligent misrepresentation, one claim of negligence, and one claim of defamation. However, of these five claims, only one, negligent misrepresentation, was alleged against Appellee, while all five claims were alleged against Defendant Barbara Niepsuj. Appellant alleged that Appellee relied on expired court materials provided by Barbara Niepsuj and denied Appellant access to visit his children on numerous occasions at the YWCA day care center. Appellant alleged that this conduct amounts to negligent misrepresentation by the YWCA of Summit County.
 {¶ 3} On November 7, 2003, Appellee filed a motion to dismiss for failure to state a claim upon which relief can be granted. Appellant filed his response to this motion on November 26, 2003, and the trial court granted Appellee's motion to dismiss on December 4, 2003. Appellant timely appealed and asserted four assignments of error.
 II. {¶ 4} As a preliminary matter, this Court notes that Appellant, acting pro se, has set forth four assignments of error, but has presented only one issue for this Court to review. His assignments of error are as follows:
 FIRST ASSIGNMENT OF ERROR
"The trial court was evidently in abuse of discretion by issuing an order for dismissal of the ywca of summit county without any acknowledgment of appellant's timely response in the matter, let alone due consideration of his argument against such dismissal."
 SECOND ASSIGNMENT OF ERROR
"The trial court abused its discretion by refraining from responding to [appellant/plaintiff's] Civ.R. 60(a) objection to [its December 4, 2003,] Journal Entry."
 THIRD ASSIGNMENT OF ERROR
"The trial court failed to ever consider that defamation as stated in [appellant's] complaint * * * and amended complaint * * * was to be viewed in terms including[,] but not limited to[,] other counts in those complaints."
 FOURTH ASSIGNMENT OF ERROR
"The trial court failed to measure the merit of the complaint['s] counts in terms of simple black's [law dictionary] definitions rather than completely unrelated case law which the appellant had never raised."
 {¶ 5} The sole issue Appellant has presented for this Court's review is whether the trial court properly granted Appellee's motion to dismiss. We find that the trial court properly dismissed this action and affirm.
 {¶ 6} The standard of review for a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is de novo. Hunt v. Marksman Prod., Div. of S/RIndustries, Inc. (1995), 101 Ohio App.3d 760, 762. Dismissal is appropriately granted once all the factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, and it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs., 65 Ohio St.3d 545, 548, 1992-Ohio-73. In a case where no writing is attached to the complaint pursuant to Civ.R. 10(D), the Court will look only to the complaint to determine the legal sufficiency of the allegations. Slife v.Kundtz Properties (1974), 40 Ohio App.2d 179, 185-186.
 {¶ 7} In Ohio, the elements of negligent misrepresentation are as follows: one in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, must supply false information for the guidance of another in her business transactions, and said false information must be justifiably relied upon causing pecuniary loss. Delman v. Cleveland Hts. (1989), 41 Ohio St.3d 1, 4. Pecuniary loss is defined as a loss of money or something by which money may be acquired. Kennedy v. Byers (1923),107 Ohio St. 90, 92. Therefore, to avoid dismissal, Appellant's complaint must set forth expressly or by inference the necessary elements of negligent misrepresentation. Zuber v. Ohio Dept. of Ins.
(1986), 34 Ohio App.3d 42, 45, 10th Dist. No. 86AP-52.
 {¶ 8} Appellant's amended complaint alleges a cause of action against Appellee only under "Count Two — Negligent Misrepresentation." Appellant does not allege, nor can it be inferred from his complaint, that any false information was provided by the YWCA to guide Appellant in business transactions. Further, Appellant does not allege, nor can it be inferred from his complaint, that Appellant suffered any pecuniary loss. These elements, false information relating to business transactions and pecuniary loss, are necessary to support a claim of negligent misrepresentation. As a result, Appellant has failed to state a claim for negligent misrepresentation and the trial court's dismissal was proper.
 {¶ 9} Appellant's specific assignments of error will be briefly addressed. First, Appellant argues that the lower court erred by failing to consider his opposition to Appellee's motion to dismiss. Appellant's response was not timely filed. Summit County Loc.R. 7.14 requires responses to motions to be filed within ten days of receipt of the motion and provides that the judge may rule on the motion at any time after fourteen days from the date of filing. Appellant filed his response nineteen days after Appellee's motion to dismiss was filed. Therefore, we will only reverse the trial court's determination of whether to consider the response if an abuse of discretion resulting in manifest injustice has occurred. Kalina v. Sagen (Mar. 26, 1992), 8th Dist. No. 59761. As Appellant's complaint was insufficient to state a claim, we find no injustice has occurred. Thus, Appellant's first assignment of error is overruled.
 {¶ 10} Additionally, Appellant cannot successfully assert error in the trial court's failure to rule on his Civ.R. 60(A) motion. First, if a trial court fails to specifically rule on a motion as it has here, it is presumed that the trial court has overruled that motion. Schiavone v. Schiavone (July 31, 2000), 12th Dist. No. CA99-11-188. In addition, Civ. R. 60(A) permits a trial court to modify a judgment only if it contains a clerical, not substantive, error. Londrico v. Delores C. Knowlton, Inc.
(1993), 88 Ohio App.3d 282, 285. In this case, the trial court could not have properly granted Appellant's Civ. R. 60(A) motion because he requested the court to substantively "revisit the matter of the motion for dismissal." As such, we cannot conclude that the trial court abused its discretion in overruling Appellant's motion. Consequently, Appellant's second assignment of error is overruled.
 {¶ 11} Appellant's third assignment of error is also without merit. Common law defamation requires a false and defamatory statement concerning another, communication of that statement to a third party, fault by the communicating party amounting to at least negligence, and some special harm to the plaintiff.McWeeney v. Dulan, 12th Dist. No. CA2003-03-036, 2004-Ohio-1507. Appellant's complaint does not allege under any count that Appellee made a false statement or communicated that statement to a third party. Therefore, even if this Court were to apply the claim of defamation to the Appellee, Appellant has still not stated a claim upon which relief can be granted. As a result, Appellant's third assignment of error is overruled.
 {¶ 12} Last, we are unpersuaded by Appellant's fourth assignment of error. Black's Law Dictionary is recognized in Ohio as secondary authority. Mid-Ohio Liquid Fertilizers, Inc. v.Lowe (1984), 14 Ohio App.3d 36, 38. As such, no error was committed by the trial court by relying on case law precedent, primary authority, rather than Black's Law Dictionary. Thus, Appellant's fourth assignment of error is overruled.
 III. {¶ 13} Appellant's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Slaby, J., concur.