[Cite as *Scott Elliot Smith, L.P.A. v. Carasalina, L.L.C.*, 2014-Ohio-560.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Scott Elliot Smith, LPA, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | |
| Carasalina, LLC, | : | |
| Defendant, | : | |
| and | : | No. 13AP-65 |
| | | No. 13AP-649 |
| Big Thumb, LLC, Highmark Advisors, LLC, | : | (C.P.C. No. 10CVH-01-866) |
| Digital Spark Studios, LLC, and | | |
| Brandt Cook, | : | (REGULAR CALENDAR) |
| Defendants-Appellants, | : | |
| v. | : | |
| Smith Phillips & Associates Company, LPA, | : | |
| Third-Party Defendant-Appellee. | : | |
| | : | |

---

# D E C I S I O N

## Rendered on February 18, 2014

---

*Crabbe, Brown & James, LLP,* and *Christina L. Corl,* for appellee, Scott Elliot Smith LPA.

*Jeffrey K. Lucas,* for appellants Big Thumb, LLC, Highmark Advisors, LLC, and Digital Spark Studios, LLC.

*Brandt Cook,* pro se.

---

APPEALS from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} In these consolidated appeals, defendants-appellants, Big Thumb, LLC, Highmark Advisors, LLC, Digital Spark Studios, LLC, and Brandt Cook, appeal from the judgment of the Franklin County Court of Common Pleas which dismissed appellants' counterclaims for failure to prosecute and denied appellants' motion for reconsideration and/or Civ.R. 60(B) relief from judgment. For the following reasons, the judgment of the trial court is reversed, and this matter is remanded to the trial court with instructions to modify its judgment to a dismissal without prejudice.

## I. BACKGROUND

{¶ 2} Plaintiff-appellee, Scott Elliot Smith, LPA, and its predecessor in interest, third-party defendant Smith Phillips & Associates Company, LPA, filed a complaint on January 20, 2010 regarding an alleged breach of commercial lease agreement with respect to appellee's law firm. Appellee subsequently filed a first amended complaint on January 27, 2010 and a second amended complaint on June 15, 2010. Appellants filed answers and Big Thumb, LLC ("Big Thumb"), and Highmark Advisors, LLC ("Highmark"), filed counterclaims and third-party claims against appellee alleging: (1) breach of contract, (2) unjust enrichment, (3) promissory estoppel, and (4) failure to pay an owed account.[1] Appellee answered the counterclaims of Big Thumb and Highmark and "[a] grossly protracted discovery dispute ensued between the parties, resulting in several motions to compel, motions for contempt, motions to quash and motions for protective orders." *Scott Elliot Smith LPA v. Carasalina, LLC*, 192 Ohio App.3d 794, 2011-Ohio-1602, ¶ 3 (10th Dist.).

{¶ 3} On March 17, 2010, the trial court "stayed" the parties' obligations "to respond to any pending motions or requests for discovery," as well as the parties' "obligation to respond to any new pleading" pending further order of the trial court. (Mar. 17, 2010 Order Pursuant To Status Conference Held March 15, 2010.) The parties

---

[1] Although both the parties and the trial court reference the counterclaims of Big Thumb and Highmark as the counterclaims of Big Thumb, Highmark, Digital Spark Studios, LLC, and Brandt Cook, the record lacks any evidence demonstrating that Digital Spark Studios, LLC, or Brandt Cook filed a counterclaim in this case. *See* December 25, 2012 Judgment Entry of Dismissal.

entered into an agreed confidentiality stipulation and protective order on August 10, 2010.

{¶ 4} On November 8, 2010, appellants subpoenaed two of appellee's expert witnesses. The trial court denied appellee's motion to quash the subpoenas and, on November 19, 2010, appellee appealed the trial court's decision "denying their Motion to Quash Subpoenas." (Nov. 19, 2010 Notice of Appeal.) The trial court stayed the case until the conclusion of that appeal. *See Scott Elliot Smith LPA.* In that appeal, we determined "the trial court did not err in denying appellants' motion to quash" and "we den[ied] appellee['s] motion for sanctions." *Id.* at ¶ 28.

{¶ 5} After the conclusion of appellee's interlocutory appeal, on May 16, 2011, the trial court "reactivated and * * * returned" the case to the court's active docket and, on July 19, 2011, appellee voluntarily dismissed its claims without prejudice. (May 16, 2011 Orders Pursuant To State Conference Held May 12, 2011 Reactivating Case And Setting Status Conference On June 15, 2011.) Shortly thereafter, the trial court conducted a status conference and ordered "[t]he Counterclaims filed by Carasalina shall be bifurcated and litigated prior to the Counterclaims filed by Defendants Brandt Cook, Big Thumb, Highmark Advisors and Digital Spark[] Studios," and "[d]iscovery shall proceed in the matter regarding the Counterclaims of Defendant Carasalina, only." (July 29, 2011 Order On Status Conference Of July 26, 2011, 1.) The court set a discovery deadline and a trial date "in regard to the Counterclaim and Third Party Claim of Carasalina, LLC, only" for June 18, 2012. (Sept. 22, 2011 Agreed Case Scheduling Order.)

{¶ 6} Prior to their scheduled trial date, on November 7, 2011, Carasalina, LLC ("Carasalina"), voluntarily dismissed its claims without prejudice. Thereafter, the record is bereft of any activity until June 18, 2012 when appellee filed a motion for an order to show cause as to "why [appellants'] counterclaims should not be dismissed for want to prosecution pursuant to Civil Rule 41(B)(1)." (June 18, 2012 Counterclaim Defendant Scott Elliot Smith Company, LPA's Motion For An Order To Show Cause, 1.) In their motion, appellee argued that appellants "have taken no action to proceed forward with their counterclaims" and, on June 18, 2012, "Counsel for the Big Thumb Counterclaim Plaintiffs did not appear" for trial. (June 18, 2012 Counterclaim Defendant Scott Elliot Smith Company, LPA's Motion For An Order To Show Cause, 2.)

{¶ 7}   Appellants filed a response on June 29, 2012 and argued the "case was bifurcated in 2011 and the trial for the first part of the case was set for June 18, 2012. During the Carasalina phase, this court essentially stayed" their case.  (June 29, 2012 Defendants Big Thumb, Highmark Advisors and Digital Spark['s] Memorandum Contra To Counterclaim Defendants['] Motion For An Order To Show Cause.)  Appellants also cited in support of their response to "multiple" communications with the court's staff attorney to arrange "time with the Court."  (June 29, 2012 Defendants Big Thumb, Highmark Advisors and Digital Spark['s] Memorandum Contra To Counterclaim Defendants['] Motion For An Order To Show Cause.)  In granting appellee's motion and ultimately dismissing appellants' claims with prejudice, the trial court stated, "Counsel for the Big Thumb Defendants failed to appear" at the June 18, 2012 trial and determined "Big Thumb Defendants have failed to prosecute their claims since the counterclaims of Co-Defendant Carasalina, LLC, were voluntarily dismissed in November 2011."  (Dec. 25, 2012 Judgment Entry Of Dismissal, 1.)

{¶ 8}   Appellants filed a "Motion for Reconsideration of Order dated December 25, 2012 or in the alternative for Relief under Civ.R. 60(B)" on January 4, 2013.  Appellants argued that dismissal with prejudice for failure to prosecute was improper because "[t]he orders of this Court were clear that Defendants were not permitted to prosecute the[ir] case," and appellants "had no notice that the discovery stay was lifted" or "notice that the trial date for June 18, 2012 was set for Big Thumb, et al. counterclaims."  (Jan. 4, 2013 Motion for Reconsideration of Order dated December 25, 2012 or in the alternative for Relief under Civ.R. 60(B), 5.)  In opposition, appellee argued dismissal for failure to prosecute was appropriate because appellants "did not conduct discovery, file dispositive motions, obtain new orders, move to continue the trial date, prepare for trial, show up for trial or move to have its absence excused."  (Jan. 18, 2013 Memorandum Contra [appellants'] Motion for Reconsideration of Order of Dismissal * * * and * * * Relief Under Civ.R. 60(B), 4.)

{¶ 9}   In denying appellants' motion, the trial court conceded that "the June 18, 2012 trial date was for Defendant Carasalina, LLC's counterclaims, which had been dismissed" but found dismissal for failure to prosecute was still appropriate and stated, "troubling * * * is Big Thumb's inactivity throughout the pendency of this action."

(May 15, 2013 Decision and Entry, 2.)   Specifically, "[f]rom the date Carasalina, LLC's counterclaims were dismissed on November 7, 2011, to the date of this Court's dismissal of Big Thumb's claims on December 25, 2012, the record is void of anything indicating Big Thumb was actively prosecuting its case against Plaintiff."   Further, "[i]f a difficultly in reaching the Court to schedule a status conference existed, Big Thumb should have followed the procedure outlined in Local Rule 41."  (May 15, 2013 Decision and Entry, 3.) Finally, the trial court determined "Big Thumb's motion for relief pursuant to Civ.R. 60(B) is not well taken."  (May 15, 2013 Decision and Entry, 5.)  This appeal followed.

## II.  ASSIGNMENTS OF ERROR

{¶ 10}  Appellants bring the following assignments of error for our review:

[I.] Whether the trial court abused its discretion by dismissing claims with prejudice pursuant to Civ. R. 41(B) when there was no failure to abide by the Court's orders, no dilatory tactics, when the case was stayed by the Court and the trial court failed to issue a scheduling order.

[II.] Whether the trial court abused its discretion when it denied Defendant-Appellants motion pursuant to Civ. R. 60(B) when the order of dismissal by the trial court was in error, when the trial court delayed orders on the pending motions and the trial court specifically stayed Defendant-Appellants' case and stated that Defendant-Appellants shall not file any motions and further whether said denial of the motion is in violation of Civ. R. 61 to vacate a judgment that is inconsistent with substantial justice.

[III.] The court committed [error] in that it violated Defendant-Appellants' procedural due process rights as guaranteed under the fourteenth amendment to the U.S. Constitution when it dismissed Defendant-Appellants' counterclaim for failure to attend the June 16, 2012 trial date as (1) Defendant-Appellants were subject to a discovery stay; (2) Defendant-Appellants were told by the trial court not to file any motions and (3) the court failed to enter any scheduling order pertaining to the second part of the bifurcated case and (4) the record clearly shows that the trial date was for the first part of the bifurcated case pertaining to only the claims of Carasalina, LLC against Plaintiff.

## III. DISCUSSION

{¶ 11} In their first assignment of error, appellants argue the trial court committed an abuse of discretion by dismissing their counterclaims with prejudice pursuant to Civ.R. 41(B). Specifically, appellants assert they followed all court orders, committed no dilatory tactics, and, further, were "stayed from doing any discovery and were further ordered not to file any motions" and that "[i]t was the trial court's responsibility to * * * reactivate the bifurcated case, * * * and issue a scheduling order." (Appellants' brief, 18, 23.)

{¶ 12} Civ.R. 41(B) provides:

> **(1) Failure to Prosecute**. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶ 13} "The power to dismiss for lack of prosecution is within the sound discretion of the trial court." *Dornbirer v. Paul*, 10th Dist. No. 96APE11-1560 (Aug. 19, 1997). "This court may not reverse a dismissal order unless the complainant demonstrates the court abused its discretion in entering the dismissal." *Id.* However, "[b]ecause a dismissal with prejudice forever bars a plaintiff review of the merits of his claim, appellate 'abuse of discretion' review is heightened when reviewing decisions that forever deny a review of a claim's merits." *Tymachko v. Ohio Dept. of Mental Health*, 10th Dist. No. 04AP-1285, 2005-Ohio-3454, ¶ 16, citing *Jones v. Hartranft*, 78 Ohio St.3d 368, 372 (1997).

{¶ 14} "Also, prior to dismissal for want of prosecution, plaintiff's counsel * * * must be given notice of the intent to dismiss." *Dornbirer.* Here, there is no question that appellants received proper notice of the intent to dismiss from the trial court for lack of prosecution, as evidenced by their memorandum contra appellee's motion to dismiss for want of prosecution. Thus, we are left to determine whether the actual dismissal with prejudice was an abuse of discretion.

{¶ 15} This court recognizes that the law favors deciding cases on their merits unless " 'the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.' " *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 48 (1997), quoting *Tokles & Son, Inc. v. Midwestern Indem. Co.*, 65 Ohio St.3d 621, 632 (1992).

"Among the factors to be considered include a drawn-out history of litigation, evidence of a party's failure to voluntarily comply with the discovery requests of an adverse party unless ordered or threatened, and any other evidence which demonstrates that the party is deliberately proceeding in a dilatory manner." *Nardelli v. Smith*, 10th Dist. No. 98AP-561 (Mar. 16, 1999). "Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice." *Sazima v. Chalko*, 86 Ohio St.3d 151 (1999).

{¶ 16} Here, the trial court initially cited appellants' failure to appear at the June 18, 2010 trial date, which was set for Carsalina's counterclaims only, as the underlying cause for the dismissal of appellants' counterclaims with prejudice. Then, in ruling on appellants' motion to reconsider, the trial court, acknowledging that no trial date had been set for appellants' claims, stated "[i]f a difficultly in reaching the Court to schedule a status conference existed, Big Thumb should have followed the procedure outlined in Local Rule 41." The trial court went on to find "[f]rom the date Carasalina, LLC's counterclaims were dismissed on November 7, 2011, to the date of this Court's dismissal of Big Thumb's claims on December 25, 2012, the record is void of anything indicating Big Thumb was actively prosecuting its case against Plaintiff. Big Thumb's motion for reconsideration is not well taken." (May 15, 2013 Decision and Entry, 3.) Appellee cites to the same period of inactivity in support of its argument to affirm the trial court's decision.

{¶ 17} In our view, analogous to the present case is our decision in *Korodi v. Minot*, 89 Ohio App.3d 90 (10th Dist.1993). In *Korodi*, neither the trial court nor the parties took action in the case until February 7, 1989, when the defendant filed a notice of substitution of counsel. Thereafter, no action occurred until August 20, 1992, over three years later, setting a status conference. Two weeks after the status conference, the defendants filed a motion to dismiss for failure to prosecute, and, shortly thereafter, the plaintiff filed a memorandum contra. On September 21, 1992, the trial court scheduled the matter for trial; however, the trial court ultimately issued a decision dismissing the plaintiff's claims with prejudice for failure to prosecute. In support of its decision, the trial court stated:

> It is true that no affirmative action was taken by the * * * trial court to set this matter for trial.  However, when reviewing a motion to dismiss for want of prosecution, it is the diligence of the plaintiff, not the [trial court] which is examined. * * * It was up to plaintiff to bring to the attention of the court the need to pursue plaintiff's litigation.

*Id.* at 92.

{¶ 18} In modifying the trial court's dismissal to one without prejudice, we recognized that the "plaintiff must bear some burden of inquiry where there is an undue prolonged delay in the scheduling of a case for trial," but we ultimately held, "once the case is ready for trial assignment * * *, the primary responsibility is upon the trial court itself to see that the case is scheduled for trial."  *Id.* at 95, 94.

{¶ 19} In the present case, appellants, for a period of approximately eight months, a period substantially longer than the three-year delay in *Korodi*, after Carasalina dismissed its counterclaims, failed to file a motion requesting the trial court set a date for trial.  The trial court, in dismissing appellants' counterclaims with prejudice, concluded appellants should have motioned the trial court to schedule a status conference.  Although there was a significant delay in setting the case for trial, appellants cannot be completely relieved of their responsibility to inquire with the trial court about the status of their counterclaims.  In light of *Korodi*, "once the case is ready for trial assignment * * *, the primary responsibility is upon the trial court itself to see that the case is scheduled for trial."  *Id.* at 94.  Therefore, the trial court erred in placing the primary responsibility on appellants to insure the case was scheduled for trial; however, "some sanctions can be justified but not the harsh sanction of dismissal with prejudice where the primary neglect was that of the court itself."  *Id.* at 95.

{¶ 20} Further, the record fails to support a conclusion that appellants engaged in "sufficiently negligent, irresponsible, contumacious or dilatory" conduct "as to provide substantial grounds for the dismissal."  *Nardelli*.  Although the trial court concluded, and appellee argues on appeal, that appellants took no action to further the prosecution of their counterclaims for approximately eight months, significantly there is no indication in the record that appellants were not prepared to try their case, that appellants willfully or deliberately violated any court order, that appellants failed to timely respond to discovery

or that appellants acted in a dilatory manner. To the contrary, up and until the trial court essentially "stayed" appellants' counterclaims pending the resolution of Carasalina's counterclaims, the record demonstrates that appellants were active participants in the litigation.

{¶ 21} In light of the heightened standard of review applicable to dismissals with prejudice, our holding in *Korodi* and the lack of clear evidence that appellants conducted themselves in an "irresponsible, contumacious or dilatory" fashion, we find that the trial court abused its discretion to the extent that it dismissed appellants' claims with prejudice. *Nardelli.*

{¶ 22} Accordingly, appellants' first assignment of error is sustained.

{¶ 23} Our disposition of appellants' first assignment of error renders the remaining assignments of error moot.

## IV. CONCLUSION

{¶ 24} For the foregoing reasons, appellants' first assignment of error is sustained and the remaining assignments of error are rendered moot. The judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court with instructions to modify its judgment to a dismissal without prejudice.

*Judgment reversed and*
*cause remanded with instructions.*

DORRIAN and McCORMAC, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate
District, assigned to active duty under authority of the Ohio
Constitution, Article IV, Section 6(C).

_____