DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Elizabeth Bryson, as guardian of R.M., appeals from the judgment of the Summit County Court of Common Pleas that granted the motion to set aside the judgment lien of Appellee, Mary Beth Green Maxwell. We affirm.
 I {¶ 2} On January 10, 2001, Ms. Bryson filed a complaint against Ms. Maxwell seeking monies due. Thereafter, the trial court issued its judgment entry. From this judgment, Ms. Bryson appealed to this Court on May 9, 2002. This Court reversed the judgment of the trial court, and remanded the cause to the trial court for proceedings consistent with the opinion. Bryson v.Maxwell, 9th Dist. No. 21082, 2002-Ohio-6989, at ¶ 18.
 {¶ 3} Subsequently, the trial court entered its order in accordance with this Court's decision. Ms. Bryson then moved for a more specific journal entry, and within this motion she requested an award of prejudgment interest. The trial court denied the motion. Ms. Bryson did not appeal this judgment.
 {¶ 4} Ms. Bryson later requested the clerk of common pleas of Summit County to issue a certificate of judgment lien; the clerk issued the certificate. In response, Ms. Maxwell moved the trial court to set aside the judgment lien. The trial court granted Ms. Maxwell's motion and struck the filing of the certificate of judgment lien. Ms. Bryson appeals, and raises two assignments of error for review.
 II A. First Assignment of Error
"The lower court erred in striking the certificate of judgment lien."
 {¶ 5} In her first assignment of error, Ms. Bryson contends that the trial court erred when it granted Ms. Maxwell's motion to set aside the judgment lien. Ms. Bryson's contention lacks merit.
 {¶ 6} This Court notes that Ms. Bryson has failed to assert how the trial court's action constituted an error, as she has failed to cite any applicable case law on this issue. See In reSpence (Mar. 28, 2001), 9th Dist. No. 99CA007522 (declining to address the appellant's assignment of error because he failed to cite applicable law). As such, Ms. Bryson has failed to provide citations to authorities supporting her assignment of error and the standard of review applicable to her assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). See Rondy, Inc.v. Goodyear Tire Rubber Co., 9th Dist. No. 21608, 2004-Ohio-835, at ¶ 20 (finding the appellant's assigned error ran "afoul" of App.R. 16(A)(7) and Loc.R. 7(A)(6) because it failed to cite legal authority to support its error). Ms. Bryson had the burden of affirmatively demonstrating error on appeal. See Angle v. Western Reserve Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086. Moreover, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673. Accordingly, as Ms. Bryson has failed to set forth any legal error by the trial court in this assignment of error, this Court declines to address it. Accordingly, Ms. Bryson's first assignment of error is overruled.
 B. Second Assignment of Error
"The lower court erred in failing to award interest."
 {¶ 7} In her second assignment of error, Ms. Bryson avers that the trial court erroneously denied her request for an award of prejudgment interest. We decline to address the merits of this assignment of error, for the reason that follows.
 {¶ 8} In this case, we find that Ms. Bryson should have appealed from the trial court's judgment entry that denied her prejudgment interest request; however, she failed to do so. As such, this Court lacks jurisdiction to review this assignment of error, and, accordingly, we dispose of this assignment of error on this basis.
 {¶ 9} Specifically, Ms. Bryson moved the trial court for an award of prejudgment interest on May 23, 2003, and the trial court journalized its denial of this motion on July 7, 2003. Therefore, Ms. Bryson had 30 days from this entry to file a timely notice of appeal. See App.R. 4(A) and App.R. 14(A). However, Ms. Bryson failed to procure a timely appeal of this July 7, 2003 entry; Ms. Bryson filed her notice of appeal with this Court on August 28, 2003. Ms. Bryson's inability to file a timely notice of appeal from the trial court's July 7, 2003 entry prevents her from now assigning error to this entry, as this judgment is not properly before this Court. See Sipe v. Steller
(May 31, 1995), 9th Dist. Nos. 16901 and 17004 (concluding that an appellate court is precluded from addressing errors that stem from a judgment entry that the appellant failed to timely appeal to the appellate court). Consequently, Ms. Bryson may not now assign error to the July 7, 2003 entry, and, therefore, her second assignment of error is overruled. See id.
 III {¶ 10} Ms. Bryson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, P.J., and Baird, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.