OPINION
{¶ 1} Plaintiff-appellant, Richard Siggers ("appellant"), appeals from the dismissal of his complaint by the Franklin County Court of Common Pleas, Probate Division. For the following reasons, we affirm.
 {¶ 2} On August 21, 2003, appellant, acting pro se, filed an action to contest the will of Dunivin B. Strother. Appellant stated that he is the eldest child of Strother. He filed the action against defendants-appellees, Bessie Strother, Dunivin Strother's [D1] surviving spouse, and Stuart and Karen Strother, Bessie and Dunivin's children (collectively referred to as "appellees"). He also filed a motion to vacate an order of distribution of the estate.
 {¶ 3} On September 24, 2003, appellant moved for an extension of time within which to respond to appellees' memorandum contra his motion to vacate an order of distribution, due to his being incarcerated and having limited access to legal resources. Appellees opposed the motion.
 {¶ 4} On October 7, 2003, appellant asked the court to stay the proceedings for 21 days, due to his being placed in the disciplinary block. Having only one envelope, he also asked the court to communicate his request to appellees' counsel. On October 9, 2003, appellant informed the court that he would have his "motions" filed within seven to ten days.
 {¶ 5} On October 15, 2003, appellant moved for an order to compel discovery. Specifically, appellant sought to disinter Strother's body in order to conduct genetic testing or, alternatively, to obtain any remaining hospital records. Appellees opposed the motion.
 {¶ 6} On November 20, 2003, appellant moved the court to re-examine Strother's will. Appellees opposed the motion.
 {¶ 7} On December 2, 2003, the court filed an entry, which denied appellant's motion to vacate an order of distribution, motion for extension of time, and motion for an order to compel discovery.
 {¶ 8} On December 11, 2003, appellees filed a motion for an order compelling discovery. Appellees stated that appellant had failed to respond to interrogatories and their request for documents. Appellees had served their requests upon appellant by letter dated September 24, 2003.
 {¶ 9} On February 2, 2004, appellant moved for summary judgment. On February 10, 2004, the court filed entries overruling appellant's motion for summary judgment and motion to re-examine the will.
 {¶ 10} On March 3, 2004, appellant filed a memorandum with the court. The memorandum did not seek specific relief, but argued that the court had denied appellant equal protection and meaningful access to the courts.
 {¶ 11} On March 30, 2004, appellant filed in the Ohio Supreme Court an affidavit of disqualification against the trial court judge. On April 3, 2004, the Supreme Court issued an entry denying appellant's affidavit.
 {¶ 12} On April 13, 2004, the trial court filed an entry denying appellant's motion for summary judgment. The court found that genuine issues of material fact existed.
 {¶ 13} On April 15, 2004, the court filed an entry, which granted appellees' motion to compel discovery from appellant. The court ordered appellant to comply with appellees' discovery requests within ten days "or be found to be in contempt" of the court.
 {¶ 14} On July 7, 2004, the court filed an entry, which set a status conference for July 27, 2004. On July 22, 2004, appellant asked the court to reschedule the status conference in order for him to retain legal counsel, grant power of attorney to someone else, arrange for his transportation from prison, and/or arrange a telephone conference. Appellant specifically requested a new date of "at least August 27, 2004." Our record does not reflect the court's ruling on appellant's motion, if any.
 {¶ 15} On August 2, 2005, the court issued a letter to appellant. The letter stated, in pertinent part: "A Status Letter or an Entry Closing the case needs to be filed by 9/07/2005, or a Citation will be issued to you the plaintiff."
 {¶ 16} On September 8, 2005, the court issued to appellant a Citation to Appear. The court notified appellant that his Civil Action Status Letter or Entry Closing the case was overdue. The court ordered appellant to either file the letter or entry or appear personally before the court on October 13, 2005. The court advised: "There will be no continuance of the above date." If appellant failed to comply and/or appear, the notice advised, the court could find appellant in contempt of court and appellant could be taken into custody.
 {¶ 17} On September 12, 2005, appellant filed a memorandum. Appellant explained that he had granted power of attorney to his brother in order for his brother to retain legal counsel on appellant's behalf.
 {¶ 18} On February 8, 2006, the court issued an entry, which ordered appellant, within 30 days, to schedule a status conference to be held within 90 days. The entry stated: "If [appellant] fails to comply with this order, [appellant's] Complaint shall be dismissed." On March 6, 2006, appellant asked the court to schedule a status conference on May 5, 2006, at 9:00 a.m. Appellant stated that his brother would attend.
 {¶ 19} On May 5, 2006, the court issued an entry, which dismissed appellant's complaint. The entry stated that the parties had failed to appear at the status conference.
 {¶ 20} Appellant filed a timely notice of appeal, and he raises the following assignments of error:
Appellant's First Assignment of Error:
 The Probate Court erred when it refused to investigate [appellant's] allegation that the alleged will was not valid upon its face, because the alleged will's section that covered the alleged witnesses atestment to Strother's last will and testament contained clear perjury, and a false oath by the alleged will's notary, both stated criminal acts should have been the court's concern, especially since said criminal acts also equaled to fraud upon the court was executed to have the Probate [C]ourt accept jurisdiction over the alleged will * * *. Such error denied [appellant] meaningful access to the court, due process of law and equal protection of the law as required by the Ohio and Federal Constitutions 14th Amendments, and is reversible error.
 Appellant's Second Assignment of Error:
 The Probate Court erred when it dismissed the case of the incarcerated [appellant] on the grounds, that the incarcerated [appellant] did not appear at a Status Conference, because the court by established law should have sought less drastic measure, and or alternatives, and because the court did not confirm that date [appellant] suggested was accepted as date of status conference, nor did the court send any form of notice stating where Status Conference would be held. Such error is good ground for reversing Probate Court's decision to dismiss [appellant's] case * * *, being said dismissal violated [appellant's] rights to due process, equal protection and meaningful access to the courts, all which are protected by State and Federal 14th Amendments.
 Appellant's Third Assignment of Error:
 The Probate Court was informed through [appellant's] letters and motions that [appellees] purposely misled the court by not listing [appellant's] name, relationship to descendant, and his address on the court forms that required [appellees] to do so. * * * Appellant ask[s] this court to review his motion for Summary Judgment and to correct all clear errors.
 {¶ 21} In his first assignment of error, appellant asserts that the court should have re-examined Strother's will because it contains perjured statements by Douglas Jackson. Specifically, appellant alleges that Jackson signed as a witness to the will and notarized the signatures of Strother and the witnesses, including Jackson's signature. In response, appellees argue that, notwithstanding appellant's assertions about the signatures, the court properly found that the will meets the minimum standards for admission. We agree.
 {¶ 22} In its entry overruling appellant's motion to re-examine the will, the court found that the will meets the standard for admitting a will to probate under Ohio law. R.C. 2107.18 provides, in pertinent part:
 The probate court shall admit a will to probate if it appears from the face of the will, or if the probate court requires, in its discretion, the testimony of the witnesses to a will and it appears from that testimony, that the execution of the will complies with the law in force at the time of the execution of the will in the jurisdiction in which it was executed, or with the law in force in this state at the time of the death of the testator, or with the law in force in the jurisdiction in which the testator was domiciled at the time of his death.
 {¶ 23} Here, appellant challenges the will only on the basis that Douglas Jackson, who signed as a notary on the will, also signed as a witness. R.C. 2107.03 prescribes the requirements respecting signatures on wills. While requiring two or more competent persons to witness or hear a testator acknowledge his signature, R.C. 2107.03 does not require that the signatures be notarized. Thus, even if Douglas Jackson notarized the will improperly, the will would still meet the requirements of R.C. 2107.03. Having no other basis for invalidating the will, the court did not abuse its discretion under R.C. 2107.18 by failing to "investigate" appellant's allegation of impropriety. Therefore, we overrule appellant's first assignment of error.
 {¶ 24} In his second assignment of error, appellant argues that the court erred when it failed to provide alternate measures for his appearance and failed to provide adequate notice of the May 5, 2006 status conference before dismissing his complaint. As to appellant's first point — that the court should have provided alternate means for ensuring appellant's appearance — we disagree. Appellant never asked for alternate means to appear. Rather, his own filing asked the court to set the status conference for May 5, 2006, and it stated that his brother would appear on his behalf. An appellant cannot complain on appeal that the trial court failed to do something appellant did not request.Vera v. Yellowrobe, Franklin App. No. 05AP-1081, 2006-Ohio-3911, at ¶ 38.
 {¶ 25} Appellant's second point — that the court failed to give notice of the May 5, 2006 status conference before dismissing his complaint — is more difficult. "The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion."Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91; Quonset Hut, Inc. v. FordMotor Co. (1997), 80 Ohio St.3d 46, 47 (applying abuse of discretion to dismissal for failure to comply with discovery order). However, "[j]udicial discretion must be carefully — and cautiously — exercised before [a reviewing court] will uphold an outright dismissal of a case on purely procedural grounds." DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 192.
 {¶ 26} Civ.R. 41(B) grants a court authority to dismiss a case for a plaintiff's failure to prosecute or to comply with a court order. Civ.R. 41(B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 27} "Dismissal with prejudice is an extremely harsh sanction and contrary to the fundamental preference for deciding cases on their merits." First Hungarian Benefit of Barberton v. Ohio Liquor ControlComm., Franklin App. No. 05AP-625, 2005-Ohio6621, at ¶ 8, citingJones v. Hartranft (1997), 78 Ohio St.3d 368, 371. Accordingly, even when a court follows the proper procedure for dismissing a case, we will uphold such a dismissal "only if the conduct of a party or his counsel is sufficiently 'negligent, irresponsible, contumacious, or dilatory' as to provide substantial grounds for the dismissal." First HungarianBenefit at ¶ 8, quoting Tokles Son, Inc. v. Midwestern Indemn.Co. (1992), 65 Ohio St.3d 621, 632; accord Tymachko v. Ohio Dept. ofMental Health, Franklin App. No. 04AP-1285, 2005-Ohio-3454, at ¶ 16.
 {¶ 28} Mindful of these guiding principles, we review appellant's course of conduct before the trial court. Appellant filed his complaint in August 2003. He asked for his first extension in September 2003, and a stay of the proceedings in October 2003. In December 2003, appellees moved to compel appellant to comply with their discovery requests. The court granted appellees' motion in April 2004, and the court threatened appellant with contempt if he failed to comply within ten days.
 {¶ 29} The court first attempted to schedule a status conference in July 2004. Appellant asked for that conference to be rescheduled so that he could obtain legal counsel or take other actions that would allow someone to appear on his behalf.
 {¶ 30} In August 2005, the court ordered appellant to take some action in the matter or face a citation from the court. Appellant did not respond. In September 2005, the court issued a citation to appellant for his appearance and again threatened appellant with contempt if he failed to take action.
 {¶ 31} In September 2005, more than two years after filing his complaint, appellant informed the court that he had granted a power of attorney to his brother in order for his brother to act on his behalf and retain legal counsel.
 {¶ 32} Finally, in February 2006, after two and a half years of continual delays, the court ordered appellant to set a status conference. The entry also stated: "The Court further orders the Status Conference to be held within 90 days of this order." Appellant's responsive filing "request[ed]" that the court "accept" May 5, 2006, as the date for the status conference. While appellees' brief to this court asserts that "the Court issued an entry scheduling the status conference for that time and date[,]" our record contains no such entry. However, the court's docket sheet does indicate that an "ENTRY SETTING HEARING" was filed on March 6, 2006, and reflects a hearing scheduled for May 5, 2006, at 9:00 a.m. The docket reflects no service of this "entry" to appellant or any other party.
 {¶ 33} The court's May 5, 2006 dismissal entry states, in its entirety: This matter has come before the Court on May 5, 2006 upon the Court's own order for a status conference concerning the Complaint to Contest the Will of Dunivin B. Strother. Because the parties have failed to appear, the Complaint is DISMISSED.
Thus, it appears from the court's entry that no parties appeared on May 5, 2006.
 {¶ 34} If we were only to review the court's dismissal in response to appellant's failure to appear at the status conference, we might find an abuse of discretion. While the February 8, 2006 order directed appellant to schedule a status conference and ordered the conference to be held within 90 days, that order did not state that the conference would be held on the date appellant requested, nor did appellant receive any subsequent confirmation.
 {¶ 35} But our review is not so limited, and we consider appellant's entire course of conduct before the trial court. As we have detailed above, appellant sought numerous extensions, refused to comply with discovery requests, and failed to respond to the court's demand for action. Appellant did not grant a power of attorney to his brother until two years after filing his complaint and more than a year after requesting time to do so, and he took that action only after receiving a Citation to Appear, which again threatened appellant with contempt.
 {¶ 36} While official notice of the May 5, 2006 status conference from the court would have been preferable, appellant took no action to determine whether the court had granted his request despite the court's explicit warning that, if he failed to comply with the February 8, 2006 order, his complaint "shall be dismissed." Even though appellant is incarcerated and has limited access to a telephone, the record contains references to appellant's family members making calls to the court on his behalf. A simple call to the trial court or the clerk's office would have confirmed the May 5, 2006 status conference on the case docket.
 {¶ 37} In conclusion, we find that the court's February 8, 2006 order, appellant's own request, and the court's docket, in combination, provided appellant with sufficient notice of the May 5, 2006 status conference. Considering appellant's failure to appear or ensure representation at the conference, as well as his repeated delays and dilatory actions over more than two years, we find that the trial court did not abuse its discretion in dismissing appellant's complaint. Therefore, we overrule appellant's second assignment of error.
 {¶ 38} In his third assignment of error, appellant argues that appellees purposely misled the court by not identifying him on court forms. In his brief, appellant simply asks this court to review his motion for summary judgment "and the entire case as far as Appellate Rules and the Law allows." However, if an argument exists to support appellant's assignment of error, " 'it is not this court's duty to root it out.' " Bryson v. Maxwell, Summit App. No. 21711, 2004-Ohio-2371, at ¶ 6, quoting Cardone v. Cardone (May 6, 1998), Summit App. No. 18349. Appellant having failed to present any support for this assignment of error or any specific arguments regarding the court's denial of summary judgment, we decline to address appellant's third assignment of error and, accordingly, overrule it.
 {¶ 39} In summary, we overrule appellant's first, second, and third assignments of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.
Judgment affirmed.