OPINION
{¶ 1} Plaintiff-appellant, Youra Tymachko, D.O. ("appellant"), appeals from the November 1, 2004 judgment of the Ohio Court of Claims, dismissing his complaint pursuant to Civ.R. 41(B). For the reasons that follow, we affirm.
 {¶ 2} The facts alleged in appellant's complaint consist of the following.[1] Appellant had been a practicing physician since 1972 in the specialty area of osteopathic medicine. (Appellant's Complaint, ¶ 3.) According to appellant, he received correspondence in February and November 1999, in which the State Medical Board of Ohio ("Board") notified him that he allegedly violated R.C. 4731.22(B)(19). This statute, inter alia, authorized the Board: (1) to revoke or suspend an individual's certificate to practice medicine who has an "inability to practice according to acceptable and prevailing standards of care" because of a mental or physical illness; and (2) upon a showing of a possible violation, to compel that individual to submit to a mental and/or physical examination. As a result of these letters, appellant submitted to psychiatric examinations, which led to his diagnosis of obsessive-compulsive personality disorder, and schizophrenia. Because the Board concluded appellant was "unable to practice according to acceptable and prevailing standards of care by reason of mental illness," in 1999, it suspended appellant from the practice of medicine. Id. at ¶ 15-18.
 {¶ 3} On December 4, 2003, appellant filed a complaint in the Ohio Court of Claims against the Ohio Department of Mental Services Northcoast Behavioral Healthcare Systems, Thomas Cheek ("Cheek"), Michael Hogan ("Hogan"), Azmy Tawfik Danial, M.D. ("Danial"), George Franklin Parker, M.D. ("Parker"), Eli Lilly and Company, ("Eli Lilly"), Gregory Bruce Collins, M.D. ("Collins"), Sharon Laverne George, M.D. ("George"), Trumbull Memorial Hospital and John Does 1 through 5. In his complaint, appellant alleged a claim for negligence against Eli Lilly. Additionally, appellant asserted a claim against all defendants for intentional infliction of emotional distress, and for "conscious pain and suffering," seeking compensatory and punitive damages. The court journalized a pre-screening entry which dismissed defendants Cheek, Hogan, Danial, Parker, Eli Lilly, Collins, Trumbull Memorial Hospital and John Does 1 through 5 pursuant to R.C. 2743.02(E), leaving defendant-appellee Ohio Department of Mental Health, Northcoast Behavioral Healthcare System[2]
("appellee") as the remaining defendant. The pre-screening entry also struck appellant's claim for punitive damages and demand for a jury trial.
 {¶ 4} On January 12, 2004, appellant's attorney moved to withdraw as counsel for appellant. The court granted this motion on February 9, 2004, and ordered appellant to inform the court within 30 days whether he intended to proceed pro se or retain counsel.
 {¶ 5} By order of the court, on March 11, 2004, appellant completed and filed a form entitled "Statement of the Existence of Connected Actions." Therein, appellant noted that case No. 2003-CV-00883, a separate action arising out of the same circumstances, was pending in the Trumbull County Court of Common Pleas.[3] As a result of the pending litigation in Trumbull County, the court issued a stay of these proceedings on May 18, 2004. The court's May 18, 2004 entry also ordered appellant to notify the court whether he intended to proceed with counsel or pro se, and ordered the parties to continue with the discovery process.
 {¶ 6} On June 3, 2004, appellee filed a motion to compel appellant to answer its written discovery requests pursuant to Civ.R. 37(A)(2). In the motion, appellee claimed it mailed its first set of interrogatories and request for production of documents to appellant on March 16, 2004, to which he failed to respond. Appellant did not oppose this motion. On July 22, 2004, the court granted appellee's motion, and ordered appellant to respond to discovery within ten days of the date of the entry. On August 18, 2004, appellee filed a motion to dismiss appellant's complaint based on his failure to respond to its discovery requests in accordance with the court's order. Appellant did not oppose appellee's motion to dismiss.
 {¶ 7} On August 26, 2004, the court journalized an entry in which it vacated the stay of these proceedings. In its entry, the court acknowledged that it had conducted a status conference on August 19, 2004, where appellant informed the court of his continuing efforts to obtain counsel to represent him in this matter, and that case No. 2003-CV-00883 was no longer pending. The court noted appellant explained he had not responded to appellee's discovery requests because he had misplaced appellee's interrogatories. As a result, the court ordered appellee to serve appellant with a duplicate set of discovery requests. Further, the court held appellee's motion to dismiss in abeyance and indicated the motion would be discussed at a later status conference.
 {¶ 8} On August 3, 2004, the court issued an entry which, inter alia, scheduled a telephone status conference for October 1, 2004. In its entry, the court notified the parties that they should be prepared to discuss any motions pending before the court, and that the court would rule on the motions at the status conference "if appropriate."
 {¶ 9} On October 1, 2004, the court conducted the above-referenced status conference with all parties. On October 12, 2004, the court journalized an entry acknowledging it had conducted the October 1, 2004 status conference. The entry also reflected that at this status conference, the court (1) set a non-oral hearing date of October 11, 2004, on appellee's motion to dismiss; and (2) ordered appellant to both answer discovery forthwith, and to inform the court by October 11, 2004, that he had complied with the discovery order. The entry notified appellant that if he failed to comply with the court's order, his complaint could be dismissed.
 {¶ 10} Appellant failed to comply with the court's October 12, 2004 order. Further, appellant did not offer any reason for his inability to comply with the discovery process, inclusive of any issues related to his alleged medical condition. By decision dated November 1, 2004, the court granted appellee's motion to dismiss. In the decision, the court emphasized its October 12, 2004 entry, which ordered appellant to provide appellee's requested discovery and notify the court on or before October 11, 2004, of his compliance with the court's order. The court noted that "to date, appellant has not so notified the court nor has he responded to [appellee's] motion to dismiss." (Nov. 1, 2004 Entry at 1.) Pursuant to Civ.R. 41(B)(1), the court found that appellant "has been afforded numerous opportunities to comply with the court's discovery order and has been given ample notice of the possibility of dismissal." Id. at 2. As such, the court dismissed appellant's complaint with prejudice.
 {¶ 11} Appellant raises, for the first time on appeal, that he responded to appellee's discovery requests on a date "after October 11, 2004, but before November15, 2004." (Appellant's Brief at 7.) Contrary to appellant's representation, our review of the record reveals no documentation to establish appellant provided the requested discovery.
 {¶ 12} On appeal, appellant asserts the following two assignments of error for our review:
I. The Trial Court Abused Its Discretion In Dismissing The Complaint With Prejudice Where The Pro Se Plaintiff, Allegedly Suffering From Obsessive-Compulsive Personality Disorder And/Or Schizophrenia, Failed To Obey Its Order To Respond To Defendant's Written Discovery, But Where there Was No Evidence That The Failure Was Willful, In Bad Faith Or A Product Of Some Fault.
II. The Trial Court Abused Its Discretion In Dismissing The Complaint With Prejudice Where The Pro Se Plaintiff Was Not Given Sufficient Notice That The Court Was Considering Dismissal With Prejudice As A Sanction For His Failure To Respond To Written Discovery.
 {¶ 13} Appellant's assignments of error are interrelated and will be addressed together. Therein, appellant claims the court abused its discretion in dismissing his complaint with prejudice. First, appellant argues his noncompliance with discovery was neither willful nor in bad faith. Next, appellant asserts he was not provided sufficient notice that the case would be dismissed with prejudice for his failure to respond to appellee's discovery requests as represented by appellant.
 {¶ 14} Civ.R. 37(B)(2) provides a court may dismiss an action for a party's failure to comply with a discovery order. In Toney v. Berkemer
(1983), 6 Ohio St.3d 455, 458, 453 N.E.2d 700, the Ohio Supreme Court has held that in order to impose the sanction of dismissal for a party's failure to respond to discovery requests, a court must find that failure to respond is due to willfulness, bad faith or any fault of the party. See, also, Whitt v. Newmedia, Inc. (July 21, 1998), Franklin App. No. 97AP-1625; Russo v. Goodyear Tire Rubber Co. (1987),36 Ohio App.3d 175, 521 N.E.2d 1116. A trial court is not required to use the terms "willfulness or bad faith" in a dismissal order, so long as such behavior can be established from the record. LJEL, Inc. v. OverlandTransp. Systems, Inc. (Mar. 28, 1996), Franklin App. No. 95AP-1250.
 {¶ 15} Civ.R. 41(B)(1) permits a trial court to dismiss an action with prejudice, after notice to plaintiff's counsel, when a party fails to comply with a court order. A party "has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut, Inc.v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 49, 684 N.E.2d 319. See, also, Simmerman v. McCallister, Franklin App. No. 02AP-62, 2002-Ohio-6735;Pearson v. Mansfield Correctional Institution, Franklin App. No. 02AP-96, 2002-Ohio-5011. The purpose of the notice requirement is to allow the party "an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice."Quonset Hut, at 49. The notice requirement under Civ.R. 41(B)(1) "applies to all dismissals with prejudice." Ohio Furniture Co. v. Mindala (1986),22 Ohio St.3d 99, 488 N.E.2d 881. (Emphasis sic.)
 {¶ 16} The decision to dismiss an action pursuant to Civ.R. 41(B)(1) rests within the sound discretion of the trial court. Quonset Hut, at 47. Because a dismissal with prejudice forever bars a plaintiff review of the merits of his claim, appellate "abuse of discretion" review is heightened when reviewing decisions that forever deny a review of a claim's merits. Jones v. Hartranft (1997), 78 Ohio St.3d 368, 372,678 N.E.2d 530. However, the action of the trial court will be affirmed when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Quonset Hut, at 48, quoting Tokles Son, Inc. v. MidwesternIndem. Co. (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, 944.
 {¶ 17} We first address appellant's argument that he received insufficient notice of the court's dismissal with prejudice.
 {¶ 18} In Quonset Hut, the Ohio Supreme Court found the defendant's motion to dismiss constituted sufficient notice for purposes of Civ.R. 41(B)(1). The Quonset Hut court opined that "while the trial court could have expressly notified Quonset that dismissal with prejudice was imminent, its failure to do so was not an abuse of discretion because Quonset was already on implied, if not actual, notice" that the action could be dismissed Id. at 49.
 {¶ 19} Here, appellant does not dispute receipt of appellant's motion to dismiss. Further, appellant had an opportunity to defend against dismissal at both the August 19, and October 1, 2004 status conferences. Appellant was given a chance to comply with discovery after both of these status conferences, yet he failed to do so. Indeed, as of November 1, 2004, appellant still had not responded to appellee's motion to dismiss, nor had he provided responses to appellee's discovery requests.
 {¶ 20} In accordance with Quonset Hut, we find appellant's receipt of the motion to dismiss put appellant on notice that the case could be dismissed if he did not timely respond or produce the requested discovery. See, also, Simmerman v. McCallister, Franklin App. No. 02AP-62, 2002-Ohio-6735. Moreover, appellant received additional notification about the possibility of dismissal through the court's October 12, 2004 entry. It was not until almost a month after this entry was issued that the court dismissed this matter with prejudice. Thus, appellant failed to take advantage of an additional opportunity to explain why he was not in compliance with discovery, or to argue why the matter should not be dismissed.
 {¶ 21} Appellant also emphasizes that he was representing himself, and that he "could not necessarily have been expected to draw the correct inference from the court's orders." (Appellant's Brief at 11.) Nonetheless, it is well-established that a pro se litigant "`is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of their own mistakes and errors.'" Apps v. Apps, Franklin App. No. 02AP-1072, 2003-Ohio-7154, at ¶ 23, citing Dornbirer v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, 1997 Ohio App. LEXIS 3719. As such, appellant's argument that we should consider his pro se status as a reason for his noncompliance with discovery is without merit.
 {¶ 22} We now turn to appellant's argument that his noncompliance with discovery was neither willful nor in bad faith. In addition to emphasizing he was self-represented, appellant contends his mental illness caused him to not understand the court's warning that his case could be dismissed if he did not respond to discovery. Although his responses were untimely, appellant asserts he eventually did respond to appellee's discovery on "a date" after the court's October 11, 2004 deadline. Appellant contends these mitigating factors support the conclusion that appellant's failure to respond to discovery was not willful, in bad faith, or a product of some fault. As such, appellant argues the court should have considered a lesser sanction before dismissing his case with prejudice.
 {¶ 23} Appellant cites Furcello v. Klammer (1980), 67 Ohio App.2d 156,426 N.E.2d 187, in support of his position. In Furcello, the defendant's attorney served notice upon the plaintiff that he intended to take his deposition. Plaintiff did not appear at the stated time and place for the deposition. Defendant filed a motion to dismiss the action based upon plaintiff's failure to appear. The trial court treated the defendant's motion as a motion to compel discovery and granted the motion. However, the trial court sent the parties a notice stating it had granted the defendant's attorney's motion to dismiss. The plaintiff believed the action had been dismissed and ignored the notice of deposition. The trial court dismissed the action even after learning of the misunderstanding.
 {¶ 24} In reversing, the Cuyahoga County Court of Appeals found the plaintiff, a layman representing himself, informed the trial court of his reasons for not appearing at the second deposition, and he attached a copy of the notice that he received. Furthermore, the court found dismissal in this case was a drastic remedy that, as some courts held, should not be used as a discovery sanction.
 {¶ 25} Here, unlike Furcello, appellant never informed the court prior to the dismissal of the reasons behind his noncompliance with discovery, including any issues related to his alleged medical condition. As such, we find appellant's reliance on Furcello misplaced. Appellant's continued failure to offer any response to appellee's discovery requests, particularly after his receipt of appellee's motion to dismiss, the conferences on August 19, and October 1, 2004, and the court's October 12, 2004 order, cannot be construed as a good-faith effort to comply with the court's order. Russo v. Goodyear Tire Rubber Co.,36 Ohio App. 3d 175, 178, 521 N.E.2d 1116; LJEL, Inc., supra.
 {¶ 26} Further, we find the court did not abuse its discretion by not considering a lesser sanction before dismissing appellant's complaint with prejudice. Appellant's dilatory conduct provided substantial grounds for the trial court's action in this case. Appellant failed to tender appellee's discovery requests for over seven months. The trial court had no reason to anticipate "one more warning" would have prompted appellant to comply with discovery. Quonset Hut, at 157.
 {¶ 27} For the foregoing reasons, the Ohio Court of Claims did not err in dismissing appellant's complaint with prejudice. Appellant's first and second assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.
[1] In his complaint, appellant solely contests the suspension of his medical license, and does not allege the underlying facts which led to the suspension.
[2] The court uses "Ohio Department of Mental Services, Northcoast Behavioral Healthcare Systems" and "Ohio Department of Mental Health, Northcoast Behavioral Healthcare System" interchangeably.
[3] Prior to filing this case, appellant claimed he filed two previous lawsuits in the Trumbull County Court of Common Pleas, which were "nearly identical" to the instant matter. (Appellant's Brief at 5, fn 1.) The Trumbull County cases are not a part of the record of this appeal.