**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 08a0245n.06
Filed: May 7, 2008
No. 07-4007

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOHN W. FERRON,
     *Plaintiff, Appellant*

                                 On Appeal from the United States District
                                 Court for the Southern District of Ohio

        v.

ZOOMEGO, INC., ET AL.,
     *Defendants, Appellees*

_____/

**BEFORE: KENNEDY, MARTIN, Circuit Judges, and HOOD, District Judge.**[*]

**KENNEDY, Circuit Judge.** Plaintiff John W. Ferron appeals the district court's grant of the Motions to Dismiss filed by Defendants Zoomego, Inc., Restoration Media, and Vente, Inc., and its grant of a Motion for Judgment on the Pleadings filed by Defendants Subscriberbase Holdings, Inc. and Consumer Research Corporation (collectively, "Defendants") on his claim for unfair or deceptive acts or practices in violation of Section 1345.02 of the Ohio Consumer Sales Practices Act ("OCSPA"). First, Plaintiff argues that the district court erred in dismissing his Complaint by finding that he had failed to sufficiently plead all material elements of his claim. Second, Plaintiff argues that the district court erred in alternatively applying the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure to his OCSPA claim, and dismissing his Complaint for failure to plead with particularity. For the reasons that follow,

_____

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

we **AFFIRM** the district court's dismissal without prejudice of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff Ferron has internet access and an email account maintained by an internet service provider in Ohio. According to Plaintiff's Complaint, beginning on January 1, 2005, and continuing to the present, Defendants have transmitted hundreds of emails to Plaintiff's email account. Plaintiff alleges that "[e]ach of the email messages transmitted by Defendants to Plaintiff is a 'consumer transaction' as defined in Ohio Revised Code Section 1345.01(A) and is also a 'direct solicitation' as defined in Ohio Administrative Code § 109:4-3-11(B)." Plaintiff claims that the email messages violated the OCSPA by using the word "free" and notifying him that he had won a prize, but failing to fully and clearly disclose the terms, obligations, and conditions that must be met to collect on the offer, such as the eligibility standards, the condition that a sales promotional event must be attended in order to collect the prize, the contact information of the company sponsoring the contest or giveaway, and the odds of winning the prize.

On September 1, 2006, Plaintiff filed his Complaint requesting money damages, declaratory judgment, and injunctive relief against named and unnamed Defendants for committing unfair or deceptive acts or practices in violation of Section 1345.02 of the OCSPA. On October 31, 2006, Defendant Vente filed a Motion to Dismiss for failure to state a claim under Rule 12(b)(6) and for failure to meet the heightened standards of pleading for averments of fraud under Rule 9(b). On November 3, 2006, Defendants Subscriberbase and Consumer Research filed a Motion for Judgment on the Pleadings under Rule 12(c) for failure to state a claim for which relief can be granted as well as for failure to meet the pleading requirements of Rule 9(b). Finally, on November 21, 2006,

Defendants Zoomego and Restoration Media filed a Motion to Dismiss for failure to state a claim under Rule 12(b)(6) and for failure to meet the heightened pleading standards of Rule 9(b) for averments of fraud. Plaintiff timely filed Memoranda in Opposition to each motion.

On July 3, 2007, the district court issued its Opinion and Order, granting Defendants' motions, and dismissing Plaintiff's Complaint. Plaintiff now timely appeals.

## ANALYSIS

### I. Dismissal for failure to state a claim under Rule 12(b)(6) and Rule 12(c)

#### A. Standard of review

We review a motion for judgment on the pleadings under Rule 12(c) by the same *de novo* standard applicable to a review of a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). In reviewing either motion, we "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id*. In construing the complaint in favor of the plaintiff, however, we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007). The notice pleading requirements of Rule 8(a)(2) "still require[ ] a 'showing,' rather than a blanket assertion of entitlement to relief." *Id*. at __, 127 S.Ct. at 1965 n. 3. Accordingly, a complaint "must contain either direct or inferential allegations respecting all the

3

material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Business Serv., Inc*., 135 F.3d 389, 406 (6th Cir. 1998) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**B. Plaintiff failed to sufficiently plead all elements of his OCSPA claim**

Defendants argue, and the district court found, that Plaintiff failed to plead that he engaged in a "consumer transaction" with Defendants, as required to sustain a claim of unfair or deceptive acts under Section 1345.02 of the OCSPA. A "consumer transaction," as defined by the OCSPA, is "a sale, lease, assigment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." R.C. § 1345.01(A). The district court reasoned that while Plaintiff's Complaint alleges that "each of the email messages transmitted by Defendants to Plaintiff is a 'consumer transaction,'" Plaintiff had failed to plead any factual allegations in support of this legal conclusion by categorizing the emails as sales, leases, assignments, award by chance, etc. The district court found that Plaintiff's legal assertion that the emails were consumer transactions was thus not entitled to be presumed true. Therefore, the district court dismissed Plaintiff's Complaint as it did not contain allegations to support a material element of his claim.

Even construing the complaint in the light most favorable to the Plaintiff, we find that Plaintiff failed to plead sufficient allegations respecting the element of a consumer transaction to survive a motion to dismiss. We are not bound to presume as true Plaintiff's bald legal assertion that Defendants' email messages to him were "consumer transactions" under Section 1345.01(A) of the OCSPA. In support of his assertion, Plaintiff argues that he characterized the email messages as

4

solicitations in his Complaint. While we agree that Plaintiff alleged that "[e]ach of the email messages transmitted by Defendants to Plaintiff . . . is . . . a 'direct solicitation' as defined in Ohio Administrative Code § 109:4-3-11," we find, however, that to qualify as a "consumer transaction," as defined by the OCSPA, a solicitation must be a "solicitation to supply any of these things." R.C. § 1345.01(A). The statutory language "these things" refers to the list of dealings otherwise considered consumer transactions: "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, *to an individual for purposes that are primarily personal, family, or household . . . .*" R.C. § 1345.01(A) (emphasis added). We can construe the language of Paragraph 15 of Plaintiff's Complaint, describing the factual content of some email messages as notifying Plaintiff that he had won a prize (albeit by using the exact language of the pertinent Ohio Administrative Code sections) to find that he alleged some email solicitations sent by unidentified Defendants were to supply an "award by chance." However, we can find no direct or inferential allegation in his Complaint that any email solicitations to supply an award by chance were for primarily personal, family, or household purposes. Thus, while Plaintiff may have sufficiently alleged in his Complaint that the email messages were solicitations, and that the solicitations were to supply an "award by chance" to an individual, Plaintiff did not allege that the award by chance was "for purposes that are primarily personal, family, or household" as required to satisfy the definition of a "consumer transaction" under the OCSPA. Without this additional allegation, Plaintiff has not pleaded sufficiently with respect to a material element of his claim – that

the email messages were "consumer transactions."  Therefore, he has failed to state a claim on which relief can be granted.[1]

**II.     Dismissal for failure to plead with particularity under Rule 9(b)**

Because we find that the district court properly dismissed Plaintiff's Complaint for failure to state a claim under the notice pleading standard of Rule 8(a)(2), we decline to reach the issue of whether the district court erred in alternatively applying the heightened pleading standard of Rule 9(b) to Plaintiff's OCSPA claim.

**CONCLUSION**

For the aforementioned reasons, we **AFFIRM** the district court's dismissal without prejudice of Plaintiff's Complaint.

---

[1]While Defendants argue, and the district court held, that Plaintiff's Complaint was also properly dismissed for failure to sufficiently plead another material element of his OCSPA claim – that Defendants sent any of the email messages – we need not reach this issue as we have concluded that Plaintiff's failure to sufficiently plead that he engaged in a "consumer transaction" with Defendants is sufficient grounds for dismissal of his action.