[Cite as *Carasalina, L.L.C. v. Smith Phillips & Assocs.*, 2014-Ohio-2423.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Carasalina, LLC, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 13AP-1027 |
| | | (C.P.C. No. 12CV-13962) |
| Smith Phillips & Associates et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 5, 2013

*Chuparkoff & Junga, LLP*, and *Mark Chuparkoff*, for appellant.

*McCaslin, Imbus & McCaslin, Thomas J. Gruber* and *Michael P. Cussen*; *Crabbe, Brown & James, LLP*, and *Christina L. Corl*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Plaintiff-appellant, Carasalina, LLC, appeals from a judgment of the Franklin County Court of Common Pleas, in favor of defendants-appellees, Smith Phillips & Associates, LPA, and Scott Elliot Smith, LPA, (collectively "appellees").

I. Facts and Procedural History

{¶ 2} In October 2008, appellant leased commercial office space to a law firm known as Smith Phillips & Associates. The property is located at 6235 Enterprise Court, Dublin, Ohio, and the term of the lease was five years. Smith Phillips & Associates dissolved in August 2009, but attorney Scott E. Smith continued to occupy the leased premises under the moniker, Scott E. Smith, LPA.

{¶ 3} In 2010, appellees commenced a civil action against appellant alleging that appellant had breached the covenant of quiet enjoyment.[1] Appellant filed an answer to the complaint and a counterclaim seeking damages under a number of legal and equitable theories. Appellees dismissed the complaint on July 19, 2011, without prejudice, by filing a notice of voluntary dismissal. Appellant dismissed the counterclaim, also without prejudice, on November 7, 2011.

{¶ 4} Thereafter, on November 6, 2012, appellant recommenced the action by filing the instant complaint against appellees, essentially setting forth the same facts and advancing the same legal theories as the previous counterclaim. On January 9, 2013, appellees filed a motion for a partial judgment on the pleadings pursuant to Civ.R. 12(C). On May 20, 2013, the trial court issued a decision and entry granting appellees' motion as to the following claims: contract claims predicated upon appellees alleged failure to pay the required security deposit; appellees' unauthorized use of the premises during non-business hours, and upon an account; tort claims sounding in trespass, nuisance and intentional infliction of emotional distress; and an equitable claim for unjust enrichment/quasi contract. All other claims remained pending.

{¶ 5} On April 24, 2013, the trial court granted appellees' unopposed motion to compel discovery and ordered appellant to respond to appellees' first set of interrogatories, first request for production of documents, and second set of interrogatories "by May 8, 2013." Thereafter, on June 3, 2013, appellees filed a motion to dismiss the remaining claims, pursuant to Civ.R. 37, based upon appellant's alleged failure to comply with the discovery order. Appellees alleged that appellant's responses to the first set of interrogatories and first request for production of documents were inadequate and incomplete, and that appellant had completely failed to respond to the second set of interrogatories. Appellant filed a memorandum contra on June 20, 2013.

{¶ 6} The motion to dismiss remained pending for several months while the parties attempted to reach an agreement regarding depositions. However, on November 5, 2013, the trial court issued a decision and judgment entry granting

---

[1] *Scott Elliot Smith, LPA v. Carasalina, LLC et al.*, C.P.C. No. 10CVH01-866.

appellees' motion and entering judgment in appellees' favor as to the remaining claims. Appellant filed a timely notice of appeal from the judgment of the trial court.

## II. Assignments of Error

{¶ 7}   Appellant assigns the following as error:

I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS BECAUSE THE COURT IGNORED THE ALLEGATIONS WITHIN THE COMPLAINT WHICH CLEARLY STATED A CAUSE OF ACTION WHICH CONTAINED A QUESTION OF FACT TO BE DETERMINED BY JURY.

II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ARBITRARILY DISMISSING APPELLANT'S REMAINING COUNTS BECAUSE OF A DISCOVERY DISPUTE.

## III. Legal Analysis

### A. Judgment on the pleadings

{¶ 8}   A party may file a motion for judgment on the pleadings under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial." *Franks v. Ohio Dept. of Rehab. & Corr.,* 95 Ohio App.3d 114, 2011-Ohio-2048, ¶ 5. In ruling on a motion for judgment on the pleadings, the court is permitted to consider both the complaint and answer. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). When presented with such a motion, a trial court must construe all the material allegations of the complaint as true, and must draw all reasonable inferences in favor of the nonmoving party. *Id.,* citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165 (1973); *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). The court will grant the motion if it finds, beyond doubt, that the plaintiff can prove no set of facts in support of the claim(s) that would entitle him or her to relief. *Pontious* at 570. A judgment on the pleadings dismissing an action is subject to a de novo standard of review in the court of appeals. *RotoSolutions, Inc. v. Crane Plastics Siding, L.L.C.,* 10th Dist. No. 13AP-1, 2013-Ohio-4343, ¶ 13, citing *Franks* at ¶ 5.

{¶ 9}   In appellant's first assignment of error, appellant contends that the trial court erred when it granted a partial judgment on the pleadings. We disagree.

**1. Contract Claims**

**a. Use of leased premises**

{¶ 10} Appellant alleges that appellees occupied the leased premises at times of the day that were restricted by the terms of the lease. In reviewing appellant's claim, we note that "[l]eases are contracts subject to the traditional rules of contract interpretation." *DDR Rio Hondo, L.L.C. v. Sunglass Hut Trading, L.L.C.,* 8th Dist. No. 98986, 2013-Ohio-1800, ¶ 13, citing *Mark-It Place Foods v. New Plan Excel Realty Trust, Inc.,* 156 Ohio App.3d 65, 2004-Ohio-411, ¶ 29 (4th Dist.). The interpretation and construction of a written contract is a question of law and, therefore, appellate courts will review de novo the trial court's interpretation of a contract. *Id.,* citing *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501 (1996). The purpose of contract construction is to discover and effectuate the intent of the parties. *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, ¶ 9. If the terms of the contract are determined to be clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64 (1993).

{¶ 11} Article IV of the lease agreement provides, in relevant part:

> Section 4.02 Hours:
>
> Lessee shall have access to the leased premises at all hours and days for conducting internal business. Lessee shall observe, generally, hours from 8:00 a.m. to 6:00 p.m., Monday through Friday, and 8:00 a.m. to 12:00 noon on Saturday as hours open to the public, and such other hours as are reasonably necessary.

{¶ 12} The lease clearly states that there is no restriction on appellees' access to the premises for "internal business." Additionally, the use of the word "generally" and the phrase "such other hours as are reasonably necessary," clearly evidences the parties' intention that the restriction upon "hours open to the public" is a flexible one. Indeed, appellees' are not even required to provide notice to appellant when it extends the hours.

{¶ 13} Under the plain language of the lease agreement, appellees' access to the leased premises is virtually unfettered. Nevertheless, the complaint alleges that appellees

breached the lease by "failing to only use the premises at reasonable times described within the lease," and by "unlawfully gaining access to the leased premises outside the permitted hours." (Complaint, 4, 6.) The complaint provides no other information regarding the alleged breach.

{¶ 14} "More than bare assertions of legal conclusions are required to satisfy the notice pleading standard." *Howard v. U.S. Dist. Court for Southern Dist. of Ohio*, S.D.Ohio No. 2:10-CV-757 (Dec. 16, 2010), citing *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988) (discussing the analogous provisions of Fed.R.Civ.P. 8). " 'In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' "(Emphasis sic.) *Id.,* quoting *Scheid.* Indeed, when construing the complaint in favor of the non-moving party, a court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Ferron v. Zoomego, Inc.,* 276 Fed.Appx. 473 (C.A.6 2008), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986). *See also Haas v. Stryker,* 6th Dist. No. WM-12-004, 2013-Ohio-2476, ¶ 10 ("Only factual allegations are presumed to be true and only claims supported by factual allegations can avoid dismissal.").

{¶ 15} Given the breadth of appellees' access to the premises under the plain language of Article IV, Section 4.02, we find that appellant's complaint contains nothing more than legal conclusions, unsupported by operative facts. Indeed, the complaint gives no indication when and how appellees allegedly violated the "hours" provision in the lease. Even when we view the complaint under the liberal notice pleading standard, it is our determination that appellant has not alleged a set of facts in support of the claim that would entitle appellant to relief. Accordingly, we hold that the trial court did not err by entering judgment in appellees' favor.

### b. Security deposit

{¶ 16} Appellant alleges that appellees failed to pay the required security deposit prior to taking possession of the leased premises. The trial court found that the parol evidence rule barred appellant's claim. We agree.

{¶ 17} In *Beard v. New York Life Ins. & Annuity Corp.*, 10th Dist. No. 12AP-977, 2013-Ohio-3700, ¶ 27, we discussed the import of the parol evidence rule:

> The parol evidence rule is a rule of substantive law developed centuries ago to protect the integrity of written contracts. *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 440 (1996). Pursuant to this rule, " 'absent fraud, mistake or other invaliding cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.' " *Galmish v. Cicchini*, 90 Ohio St.3d 22, 27, 2000-Ohio-7, quoting 11 Williston on Contracts (4th Ed.1999) 569-70, Section 33:4.

*Id.* at ¶ 27.

{¶ 18} The trial court determined that the parol evidence rule barred appellant's claim because the lease agreement expressly acknowledges appellant's receipt of the required security deposit. More particularly, section 3.02 of the lease agreement states that "[l]essor acknowledges that it has received $2,000.00 as a security deposit." To the extent that appellant now contends that the parties orally agreed that appellee was to pay the security deposit at a later date, but failed to do so, such an agreement clearly contradicts the written lease. There is no allegation of fraud or mistake with regard to the lease provision at issue. Accordingly, the parol evidence rule bars appellant's claim for relief based upon the alleged oral agreement.

### c. Abandonment

{¶ 19} Appellant argues that the question whether appellees abandoned the lease is a question of fact. However, as the trial court ably noted, appellees were ordered to vacate the leased premises in the prior litigation. (R. 42, exhibit B.) Thus, appellees did not abandon the leased premises, as a matter of law.[2]

### d. Account

{¶ 20} "An 'action on an account' is 'merely a pleading device used to consolidate several different claims one party has against another.' " *Cooper & Pachell v. Haslage*, 142 Ohio App.3d 704, 707 (9th Dist.2001), quoting *AMF, Inc. v. Mravec*, 2 Ohio App.3d 29,

---

[2] On December 25, 2012, the trial court granted appellees' motion to incorporate the record from the prior litigation.

31 (8th Dist.1981). "To establish a prima facie case for money owed on an account, a plaintiff must demonstrate the existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due." *Great Seneca Fin. v. Felty,* 1st Dist. No. C-050929, 2006-Ohio-6618, ¶ 6; *see also Climaco, Seminatore, Delligati & Hollenbaugh v. Carter*, 100 Ohio App.3d 313, 320 (10th Dist.1995).

{¶ 21} Although the complaint arguably states a claim in contract for rents and other related expenses due under the written lease agreement, the complaint falls woefully short of satisfying the pleading requirements for an account stated. *See Deer Creek Commons v. Dukes*, 3d Dist. No. 12-91-5 (Mar. 24, 1992); *Jay-Jay, Inc. v. South High Dev., Ltd*, 10th Dist. No. 82AP-312 (Dec. 23, 1982). Thus, the trial court did not err when it determined that appellant could prove no set of facts in support of the claim on an account that would entitle it to relief.

## 2. Tort Claims

### a. Trespass

{¶ 22} "The common-law tort in trespass upon real property occurs when 'a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue * * *.' " *Reddy v. Plain Dealer Publishing Co.*, 8th Dist. No. 98834, 2013-Ohio-2329, ¶ 8, quoting *Apel v. Katz,* 83 Ohio St.3d 11, 19 (1998). The factual basis for appellant's trespass claim is that appellees "while inappropriately and without authorization upon the grounds of 6235 Enterprise Court, Dublin, Ohio [appellees] created damage to the property owned by [appellant]." (Complaint, 8.) However, as noted above, appellant has not alleged facts that would permit an inference that appellees accessed appellant's property in violation of the lease. Furthermore, to the extent that appellant alleges that appellees "created damage to the property," there is not a single factual allegation in the 95-paragraph complaint that

would suggest that there was any physical damage to appellant's real or personal property. In our view, the complaint does not allege any set of facts which would entitle appellant to relief from appellees for an intentional trespass. Thus, the trial court did not err when it granted appellees' motion for judgment on the pleadings.

### b. Intentional Infliction of Emotional distress

{¶ 23} The trial court reasoned that a business entity could not recover damages for emotional distress. We agree. *See Patel v. AT&T,* 7th Dist. No. 94-B-49 (Jan. 30, 1997). Additionally, appellant's bare-bones allegations of misconduct on the part of appellees in connection with the lease agreement are legally insufficient to permit even the inference of "extreme and outrageous conduct" as is required under the common law. *See, Yeager v. Local Union 20,* 6 Ohio St.3d 369, 374-75 (1983). The same is true of appellant's bare-bones allegations of "threats, and conversion of personal property." (Complaint, 9.)

### c. Nuisance

{¶ 24} A "private nuisance," is a "nontrespassory invasion of another's interest in the private use and enjoyment of land." *Brown v. Scioto Cty. Bd. Commrs.,* 87 Ohio App.3d 704, 712 (4th Dist.1993). Appellant alleges that appellees created a "strong and offensive level of interference with [appellant's] use and enjoyment of their land." (Complaint, 12.) Once again, appellant has failed to allege operative facts which would provide appellees with notice of the nature of the alleged interference.

{¶ 25} Moreover, it is clear that appellant claims no physical harm to persons or property. "Tort law is not designed * * * to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement." *Floor Craft Floor Covering, Inc. v. Parma Community General Hosp. Assn.,* 54 Ohio St.3d 1, 7 (1990). The economic loss rule generally prevents recovery in tort of damages for purely economic loss as such damages are within the contemplation of the parties when framing their agreement. *See, e.g, Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.,* 42 Ohio St.3d 40, 45 (1989); *Floor Craft.* As noted above, Article IV of the lease agreement contains provisions concerning appellees' use and occupation of the leased premises. Any action by appellant based upon a claim that appellees' use of the leased premises wrongfully interfered with

appellant's use and enjoyment of its own property is within the province of the law of contracts. Accordingly, the trial court did not err when it granted judgment in appellees' favor on the nuisance claim.

### 3. Equity

{¶ 26} Appellant claims that count three of the complaint states a claim for relief for "unjustly enrichment/quasi contract/quantum meruit." We disagree.

{¶ 27} Unjust enrichment exists when there is: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984). The complaint alleges only that appellees "began utilizing additional space not contained within the lease agreement which conferred a benefit upon [appellees]." (Complaint, 7.)

{¶ 28} The trial court determined that the existence of a written lease agreement precluded appellant from pursuing an equitable theory of relief. While we agree with appellant that appellees' conduct in knowingly occupying additional space not encompassed by the lease agreement could give rise to a claim for relief outside the contract, we find that the complaint in this instance contains legal conclusions rather than operative facts. Indeed, the complaint does not identify the "additional space" in any meaningful way, nor does it state when appellees began utilizing the space and for what purpose. Even under the liberal notice pleading standard, we find that appellant has not alleged a set of facts in support of this claim that would entitle appellant to relief. Accordingly, we find that the trial court did not err when it entered judgment in appellees' favor as to the equitable claims, albeit for a different reason.

{¶ 29} For the foregoing reasons, appellant's first assignment of error is overruled.

### B. Civ.R. 37(B) Dismissal

{¶ 30} With regard to the judgment entry issued on November 5, 2013, Civ.R 37(B) provides, in relevant part:

> (2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the

> action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding or any part thereof*, or rendering a judgment by default against the disobedient party[.]

(Emphasis added.)

{¶ 31} A trial court has broad discretion when imposing discovery sanctions. *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 11. An appellate court shall review such rulings under an abuse of discretion standard. *Id.,* citing *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus. " 'Under this standard of review, we must affirm the trial court's action absent a showing that the trial court acted unreasonably, unconscionable or arbitrarily.' " *Watkins v. Holderman,* 10th Dist. No. 11AP-491, 2012-Ohio-1707, ¶ 14, quoting *Stark v. Govt. Accounting Solutions, Inc.,* 10th Dist. No. 08AP-987, 2009-Ohio-5201, ¶ 14.

{¶ 32} In the second assignment of error, appellant argues that the trial court abused its discretion when it dismissed the remaining claims of malicious prosecution, abuse of process, and fraud due to appellant's failure to comply with a discovery order.[3] We disagree.

{¶ 33} Appellant first contends that the trial court dismissed its remaining claims without giving appellant prior notice of its intention to impose such a severe sanction. While we agree with appellant that the April 24, 2013 entry does not expressly identify dismissal as a possible sanction for non-compliance, "[t]his court has repeatedly held that a party receives sufficient notice pursuant to Civ.R. 41(B)(1) if that party is served with a motion to dismiss and has an opportunity to file a responsive motion." *Hargrove v. Ohio Dept. of Rehab. & Corr.*, 10th Dist No. 11AP-439, 2012-Ohio-375, citing *Huntington Natl. Bank v. Zeune*, 10th Dist. No. 08AP-1020, 2009-Ohio-3482, ¶ 24; *Tymachko, D.O. v. Ohio Dept. of Mental Health*, 10th Dist. No. 04AP-1285, 2005-Ohio-3454, ¶ 19-20; and

---

[3] Appellant's claims for malicious prosecution and fraud arise from appellees' alleged misconduct in the prior litigation.

*Pearson v. Mansfield Corr. Inst.*, 10th Dist. No. 02AP-96, 2002-Ohio-5011, ¶ 15, 23. The same basic rule applies for dismissals pursuant to Civ.R. 37(B)(2). *Watkins v. Holderman*, 10th Dist. No. 11AP-491, 2012-Ohio-1707, ¶ 21; *Zeune* at 23-24*; Tymachko* at ¶ 14. In this instance, appellee served appellant with the motion to dismiss and appellant timely filed a memorandum in opposition.   Thus, appellant clearly had notice of the possibility of dismissal and had an adequate opportunity to defend against such a sanction.

{¶ 34} Appellant next contends that the trial court abused its discretion by granting the motion to dismiss when the parties were still actively engaged in discovery. Again, we disagree.

{¶ 35} The record reveals that appellant did not respond to the motion to compel. On appeal, appellant argues that it had no obligation to respond to appellees' second set of interrogatories because appellees had exceeded the maximum of 40 interrogatories without first obtaining leave. However, appellant waived these arguments by failing to respond to the motion to compel. *Watkins* at ¶ 18. Thus, appellant was clearly obligated to either respond to the outstanding discovery or face an appropriate sanction.

{¶ 36} Although the record shows that on May 5, 2013, appellant filed a "Notice of Service," stating that it had "provided responses to Defendant's first Request for Admissions, First Set of Interrogatories and First Request for Production of Documents this 5th day of May, 2013," appellant never responded to appellees' second set of interrogatories.

{¶ 37}  As noted above, the trial court's April 24, 2013 entry expressly applies to appellees' second set of interrogatories. Thus, while appellant knew that it had no justifiable reason to withhold a response to such discovery, appellant still failed to respond. Additionally, while the trial court waited several months before ruling on the motion to dismiss, appellant made no effort to respond to appellees' second set of interrogatories. Had appellant made an effort to fully comply with the trial court order, such an effort, although belated, would have factored into the trial court's analysis. Instead, the record reveals a stubborn refusal by appellant to comply with the trial court's order regarding appellees' second set of interrogatories.

{¶ 38} "In determining a suitable sanction, a trial court should consider: (1) the history of the case; (2) all the facts and circumstances surrounding the noncompliance; (3) what efforts, if any, the faulting party made to comply; (4) the ability or inability of the faulting party to comply; and (5) any other relevant factors." *Betz* at ¶ 42, citing *Billman v. Hirth*, 115 Ohio App.3d 615, 619 (10th Dist.1996). Before dismissing claims for violation of a discovery order, a trial court must find that the failure to comply is due to willfulness, bad faith, or any fault of the disobedient party. *Tymachko* at ¶ 14. "A trial court is not required to use the terms 'willfulness or bad faith' in a dismissal order, so long as such behavior can be established from the record." *Id.* See *also Watkins* at ¶ 14.

{¶ 39} The record in this case reveals the following: the remaining fraud claim appellant alleged in the complaint had been the subject of prior litigation; the prior litigation gave rise to a number of protracted discovery disputes and two separate appeals to this court;[4] the current litigation had been pending for a year; the motion to dismiss had been pending for several months, yet appellant completely failed or refused to comply with the order to respond to appellees' second set of interrogatories; and appellant has never asserted any reason why it could not have responded to the interrogatories. These circumstances clearly favor a severe sanction.

{¶ 40} Appellant notes, however, that while the motion to dismiss was pending the following events took place: a staff attorney conducted a status conference regarding discovery; the trial court issued an order extending the discovery deadline; and the parties engaged in an additional dispute regarding depositions. Appellant believes that its failure to comply with the April 24, 2013 discovery order is excusable in light of these subsequent events. In our view, none of these events are particularly relevant to appellant's failure to comply with the trial court's prior discovery order. Indeed, while the record shows that the parties and the trial court endeavored to advance the discovery process in spite of appellant's non-compliance with the prior order, appellees' never withdrew the motion to dismiss. Appellant continued to ignore the order even though it knew that the motion to

---

[4] See *Scott Elliott Smith Co., L.P.A. v. Carasalina, L.L.C.,* 192 Ohio App.3d 794, 2011-Ohio-1602 (10th Dist.)(Appeal from trial court order denying appellees' motion to quash a subpoena); *Scott Elliot Smith v. Carasalina*, 10th Dist. No. 13AP-65, 2014-Ohio-560 (Appeal by building IT provider, Big Thumb LLC, from trial court's order dismissing Big Thumb's counterclaim against Scott Elliott Smith, LPA, for lack of prosecution.)

dismiss was ripe for review. In our opinion, the record supports a finding of willfulness, bad faith or fault on the part of appellant. *Tymachko* at ¶ 14. Under the circumstances, the trial court did not act unreasonably, unconscionably or arbitrarily when it dismissed appellant's remaining claims.

{¶ 41} For the foregoing reasons, we hold that the trial court did not abuse its discretion when it granted appellees' motion to dismiss. Accordingly, appellant's second assignment of error is overruled.

## IV. Conclusion

{¶ 42} Having overruled each of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J. and LUPER SCHUSTER, J., concur.

———————————————