[Cite as *Citibank, NA v. Abrahamson*, 2017-Ohio-5566.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITIBANK, NA | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 2016 AP 11 0055 |
| | : | |
| THOMAS ABRAHAMSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County
Court of Common Pleas, Case No. 2016
CV 01 0005


JUDGMENT:      AFFIRMED


DATE OF JUDGMENT ENTRY:      June 28, 2017


APPEARANCES:

For Plaintiff-Appellee:      For Defendant-Appellant:

ERIC PETERSON      THOMAS R. ABRAHAMSON, Pro Se
KEVIN HARTMAN      1105 Evergreen Dr. NW
1100 Superior Ave., 19th Floor      Strasburg, OH 44680
Cleveland, OH 44114

*Delaney, P.J.*

{¶1}   Defendant-Appellant Thomas Abrahamson appeals the October 11, 2016 judgment entry of the Tuscarawas County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   On January 5, 2016, Plaintiff-Appellee Citibank, NA filed a complaint on account in the Tuscarawas County Court of Common Pleas. In the complaint, Citibank alleged it issued Defendant-Appellant Thomas Abrahamson a consumer credit account in June 1998 and he defaulted on the account, failing to pay the balance due. The complaint sought to recover $28,072.57 due on the credit card account. Attached to the complaint were 22 pages of account statements, including a post charge-off sheet showing a charge-off balance of $28,250.46 minus credits to show a balance of $28,072.57.

{¶3}   Abrahamson filed a pro se answer to the complaint.

{¶4}   Citibank filed a motion for summary judgment arguing there were no genuine issues of material fact that Abrahamson owed the amount reflected in the complaint. The trial court denied the motion and the matter was set for a bench trial.

{¶5}   The trial court held a bench trial on October 5, 2016. Abrahamson represented himself at trial. Citibank called as its only witness the custodian of Citibank's business records. (T. 9). The custodian testified Abrahamson's consumer credit account was opened in 1988. (T. 10). Citibank provided the custodian Exhibit B, which were copies of monthly billing statements sent to the Abrahamson from January 17, 2008 to the final billing statement of August 16, 2011. (T. 12). The balance reflected on the January 17, 2008 billing statement was $22,765.44. (T. 13). The custodian testified Citibank did not

possess any billing statements prior to 2008 because it has a seven-year retention policy. (T. 13). The last purchase on the account was on March 16, 2011. (T. 14). The custodian testified the final billing statement in Exhibit B reflected a balance of $28,250.46. (T. 15).

{¶6} Abrahamson cross-examined the custodian as to his employment duties with Citibank. (T. 15-17). The custodian testified he did not enter the data into the accounts, nor did he supervise the entry of data. (T. 16-17). Abrahamson then addressed the trial court and stated that based on the custodian's responses, Abrahamson would characterize the custodian's testimony as hearsay regarding Abrahamson's consumer credit account. (T. 17). Citibank objected and the trial court considered Abrahamson's statement as a motion to strike the custodian's testimony. (T. 18). The trial court overruled Abrahamson's objection and found the custodian was a fact witness. (T. 18).

{¶7} Abrahamson did not testify or offer any evidence on his behalf. (T. 18). At the close of the trial, Abrahamson objected to the submission of Exhibit B as evidence. He argued Exhibit B was different from the exhibits attached to the original complaint, specifically as to number of pages and the dates of the billing statements. (T. 19). Abrahamson stated if Citibank wanted to make changes to the original complaint, there were rules for that. (T. 19). Citibank agreed Exhibit B was different from the exhibits attached to the complaint because the exhibits attached to the complaint were for pleading purposes, not to prove its claims. (T. 20). The trial court overruled Abrahamson's objection and entered Exhibit B into evidence. (T. 20).

{¶8} On October 11, 2016, the trial court issued a judgment entry granting judgment in favor of Citibank in the amount of $27,072.57, with interest at the statutory rate from the date of judgment, and costs.

{¶9}   It is from this judgment Abrahamson now appeals.

## ASSIGNMENTS OF ERROR

{¶10} Abrahamson raises three Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED BY ALLOWING THE PLAINTIFF TO AMEND ITS PLEADING.

{¶12} "II. THE TRIAL COURT ERRED IN OVERRULING THE OBJECTION TO ALLOW EVIDENCE TO A CHANGED PLEADING.

{¶13} "III. THE TRIAL COURT ERRED IN GRANTING JUDGMENT FOR PLAINTIFF WITH INVALIDATED EVIDENCE."

## ANALYSIS

### I. and II. Admission of Exhibit B

{¶14} Citibank attached approximately 22 pages of Abrahamson's billing statements as exhibits to its complaint on account. At trial, Citibank offered Exhibit B as evidence, which was 127 pages of Abrahamson's billing statements from 2008 to 2011. When Citibank moved to admit Exhibit B into evidence, Abrahamson objected that Exhibit B was different from the exhibits attached to the complaint. The trial court overruled the objection. Abrahamson argues on appeal the trial court erred when it overruled his objection to the admission of Exhibit B as evidence. We disagree.

{¶15} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343, 348 (1987). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 (1983).

{¶16} The thrust of Abrahamson's objection to the admission of Exhibit B is that Exhibit B consists of different evidence than that provided in the complaint and is therefore prejudicial to Abrahamson. Abrahamson contends Citibank should have moved to amend its pleading pursuant to Civ.R. 15(A) or (B) to introduce the additional exhibits found in Exhibit B. Because Citibank did not move to amend its original complaint pursuant to Civ.R. 15 to introduce the additional exhibits, Abrahamson argues the trial court abused its discretion in admitting Exhibit B.

{¶17} Civ.R. 15(A) outlines the procedure for amending a pleading after service and before trial:

A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.

{¶18} "Civ.R. 15(B) allows for the amendment of the pleadings to conform to evidence presented at trial and, therefore 'treats issues that were not raised in the pleadings as if they were so raised, as long as they were tried with the express or implied

consent of the parties and substantial prejudice will not arise from the result.' " *Kavalec v. Ohio Express, Inc.*, 2016-Ohio-5925, 71 N.E.3d 660, ¶ 15 (8th Dist.)

{¶19} The issue raised by Abrahamson as to the admission of Exhibit B does not involve Civ.R. 15. At issue is the difference between the evidence required from the plaintiff at the pleading stage and the evidence required from the plaintiff to demonstrate to the fact-finder it is entitled to judgment.

{¶20} Ohio is a notice-pleading state; the plaintiff need not prove his or her case at the pleading stage. *Thompson v. Buckeye Joint Vocational School Dist.*, 2016-Ohio-2804, 55 N.E.3d 1, ¶ 31 (5th Dist.). The Ohio Rules of Civil Procedure require "notice" pleading rather than "fact" pleading. *Swank v. Swank*, 5th Dist. Ashland No. 07 CA 0061, 2008-Ohio-3997, ¶ 25 citing *Iacono v. Anderson Concrete Corp.*, 42 Ohio St.2d 88, 92, 326 N.E.2d 267 (1975); *Salamon v. Taft Broadcasting Co.*, 16 Ohio App.3d 336, 338, 475 N.E.2d 1292 (1st Dist.1984). Pursuant to Civ.R. 8(A) and 8(E), "notice pleading" simply requires that a claim or defense concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." *Id.* citing *Devore v. Mutual of Omaha Insurance Co.*, 32 Ohio App.2d 36, 38, 288 N.E.2d 202 (7th Dist.1972). A pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove. *Id.* The limited number of exhibits of Abrahamson's billing statements attached to the complaint conformed to the requirements of Civ.R. 8.

{¶21} At the trial stage of the proceedings, however, the burden was upon Citibank to establish a prima facie case for money owed on account. "To establish a prima facie case for money owed on an account, a plaintiff must demonstrate the existence of an account, including that the account is in the name of the party charged, and it must

also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due." *Carasalina, L.L.C. v. Smith Phillips & Assocs.*, 10th Dist. Franklin No. 13AP-1027, 2014-Ohio-2423, ¶ 20 quoting *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006–Ohio–6618, 869 N.E.2d 30, ¶ 6. The documents contained in Exhibit B were used by Citibank to meet its evidentiary burden to demonstrate its prima facie case.

{¶22} The admission of Exhibit B did not require Citibank to amend its complaint pursuant to Civ.R. 15. Accordingly, Abrahamson's first Assignment of Error is overruled.

{¶23} Abrahamson argues in his second Assignment of Error that the trial court erred in overruling his objection to allow evidence to a changed pleading. In his appellate brief, Abrahamson stated the argument and law for the second Assignment of Error is the same as in the first Assignment of Error. Based on our analysis of the first Assignment of Error, we overrule the second Assignment of Error.

### III. Exhibit 23

{¶24} Abrahamson argues in his third Assignment of Error that the trial court erred in granting judgment in favor of Citibank because the trial court relied upon invalidated evidence. Abrahamson states Citibank attached Exhibit 23 to the complaint, which is a summary of the post charge-off/pre-suit payments/credits. The charge-off balance is $28,250.46. Credits applied since the charge-off date was $177.89. The suit amount was

$28,072.57. Abrahamson contends Citibank did not use Exhibit 23 as evidence in the trial.

{¶25} Based on our analysis of the first Assignment of Error, we find no error.  In order to establish a prima facie case for money owed on account, Citibank was required to demonstrate at trial: "the existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due." *Carasalina, L.L.C. v. Smith Phillips & Assocs., supra*. A review of the record and the evidence presented shows that Citibank met its evidentiary burden. Abrahamson did not introduce contrary evidence at trial.

{¶26} Abrahamson's third Assignment of Error is overruled.

**CONCLUSION**

{¶27} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Hoffman, J. and

Wise, John, J., concur.